LINN ET AL. *v.* WEHRLE ET AL.

(Decided February 27, 1928.)

*Mr. W. H. Jones* and *Mr. F. E. Slabaugh,* for plaintiffs in error.

*Messrs. Flory & Flory* and *Mr. C. G. L. Yearick,* for defendants in error.

HOUCK, J. This is a proceeding in error and comes into this court from the court of common pleas of Licking county.

The parties here occupy the same relative positions held in the lower court, and hereafter will be referred to as plaintiffs and defendants. The cause

was ably presented to the court by counsel in oral argument and written brief.

The error complained of in this case is the action of the court in sustaining a motion of the defendants for a judgment on the pleadings, consisting of the amended petition, the answer thereto, a supplemental answer, and the reply; also, a cross-petition of the defendants to which no answer was filed.

The pleadings are long and voluminous, and it is not necessary to set them out in this opinion. The plaintiffs sought by this action to recover from the defendants damages in the sum of $10,000 on an implied covenant to drill and protect lines. The prayer of the plaintiffs' amended petition is that the defendants may be compelled to answer interrogatories thereto attached, that the plaintiffs may be awarded the sum of $10,000 in damages for loss of oil by reason of their lands not being developed, and for such other and further relief as they may be entitled to either in law or equity.

Did the trial judge commit prejudicial error in sustaining the motion of defendants for a judgment on the pleadings?

The rule as to when a motion should be sustained and a judgment entered on the pleadings has been fixed and set forth by the Supreme Court of Ohio in the case of *Rheinheimer* v. *Aetna Life Ins. Co.*, 77 Ohio St., 360, 83 N. E., 491, 493, 15 L. R. A. (N. S.), 245, as follows: "The right to judgment * * * must arise from a consideration of all the pleadings. * * * To justify a judgment on the pleadings, it must be found that, taking all their averments as they stand, they present simply a question of law."

Applying this rule of law to the pleadings, how

stand the issues between the plaintiffs and the defendants?

Counsel for plaintiffs say that three questions are raised by the motion of the defendants:

1. Does the fact that the supplemental answer shows that the lease in question was surrendered February 11, 1927, relinquish all liability of the defendants for their breach of the covenants of the lease both express and implied, prior to the date of the surrender?

2. Does the deposit of the delay rental in the First National Bank according to the terms of the lease, and the refusal of the plaintiffs to accept the same, bar the plaintiffs from the recovery of damages for breach of the covenants, express or implied, to develop the property and to prevent drainage?

3. Does the following provision of the lease, to-wit, "Said second party may drill a well or wells upon said premises at any time as long as this lease continues, or may decline to drill a first or subsequent well or wells, and instead pay the rental herein provided; in either event there shall be no implied covenant to drill or protect lines," bar the plaintiffs from the right of action for breach of the implied covenant to drill offset wells and thereby prevent drainage?

Counsel for defendants say that they were and are entitled to a judgment on the pleadings on any one or all of the following grounds:

1. The amended petition admits that the defendants agreed to drill at least two wells on the plaintiffs' land, and the undenied cross-petition shows that the defendants endeavored to drill such wells. Plaintiffs, having admitted that the defendants

agreed to drill at least two wells, cannot maintain an action for damages on the ground that no well at all was drilled.

2. This was an action to recover damages for breach of the implied covenant to drill and to protect lines. The lease contained the following agreement: "Said Second Party may drill a well or wells upon said premises at any time as long as this lease continues or may decline to drill a first or subsequent well or wells, and, instead, pay the rental herein provided; in either event there shall be no implied covenant to drill or protect lines." The plaintiffs could not recover on an implied covenant in the face of this express provision in the lease contract covering the identical subject, which provision is copied in the answer and admitted by the reply.

3. The following provision is in the lease: "The First Party further agrees in consideration of the agreements of the Second Party herein contained that the Second Party, their heirs or assigns, may at any time surrender up this lease by delivering it back to the First Party, his heirs or assigns, indorsed with a surrender thereof signed by Second Party and be thereby forever discharged and released from all moneys due or to become due, and from all obligations accrued or to accrue under this lease, and thereupon this lease shall be and remain null and void and of no further effect whatever."

An examination of the pleadings discloses that each and all of the claims urged by counsel for defendants appear in the pleadings, and therefore these questions were before the trial judge when the motion was sustained.

We are inclined to believe that the decisive question in this case rests on the provisions in the lease as set out in the second and third grounds for sustaining the motion by counsel for defendants.

The clause in the lease, as claimed in the second ground of defendants as a basis for sustaining the motion, if given such force and effect as the language clearly implies, would within itself justify the action of the lower court. The lease was entered into between the parties thereto, and it was duly signed, witnessed, and acknowledged, as provided by law, and constitutes a contract between the parties. In this clause it specifically states that there shall be no implied covenant to drill or protect lines.

The basis of this suit is an implied covenant, not only to drill, but to protect lines; and we cannot understand how a recovery can be had by plaintiffs upon a claimed covenant which is not contained either impliedly or expressly in the lease. On the contrary, the lease does expressly state that in either event there shall be no implied covenant to drill or protect lines.

Courts cannot in the absence of fraud reform a contract or make a contract for the parties which they did not make for themselves.

The law seems to be well settled in Ohio that there can be no implied covenant in a contract in relation to any matter that is specifically covered by the written terms of the contract itself.

If this be true, then and in that event plaintiffs would have no right of recovery against the defendants under the allegations of the amended petition.

As to the third claimed basis of defendants, precluding plaintiffs from a recovery in the instant

case, we are inclined to believe that under the pleadings and the provisions of the lease this claim is well taken.

Yet, as to the second claim, we have no hesitancy in saying that it, within itself, in law, was a sufficient ground to warrant the sustaining of the motion now before us, in review.

We do not think it necessary to discuss at length authorities bearing upon the questions raised in this case, but content ourselves with citing the following, which, in our opinion, fully authorized the trial judge in entering the judgment he did in the lower court: *Brown* v. *Ohio Oil Co.,* 65 Ohio St., 507, 63 N. E., 76; *Harris* v. *Ohio Oil Co.,* 57 Ohio St., 118, 48 N. E., 502; *Kachelmacher* v. *Laird,* 92 Ohio St., 324; *Gas Co.* v. *Eckert,* 70 Ohio St., 127, 71 N. E., 281; and *Venedocia Oil & Gas Co.* v. *Robinson,* 71 Ohio St., 302, 73 N. E., 222, 104 Am. St. Rep., 773, 2 Ann. Cas., 444.

In addition to these authorities, the leading textbooks on oil and gas, with reference to the contractual relations of lessor and lessee and the enforcements of the covenants contained in such leases, are in full accord with the above authorities and bear out the finding and judgment of this court that there is no prejudicial error in the record and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.