**MIDWESTERN COLLEGE OF MASSOTHERAPY et al., Appellants,**

v.

**STATE MEDICAL BOARD OF OHIO, Appellee.**

[Cite as *Midwestern College of Massotherapy v. State Med. Bd. of Ohio* (1996), 110 Ohio App.3d 677.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE10–1348.

Decided April 30, 1996.

*Livorno & Arnett* and *Henry A. Arnett,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Lili C. Kaczmarek,* Assistant Attorney General, for appellee.

PEGGY BRYANT, Judge.

Appellants, Midwestern College of Massotherapy ("college") and Robert T. McKinney, appeal from a judgment of the Franklin County Court of Common Pleas affirming the order of the State Medical Board of Ohio ("board"), which denied the college a certificate of good standing and revoked the college's

provisional certificate of good standing. In their single assignment of error, appellants assert:

"The court of common pleas erred in affirming the decision of the State Medical Board since that decision was not supported by reliable, probative, and substantial evidence, and was not in accordance with law."

McKinney owns and operates the college, a school of massage therapy with branches in Columbus, Delaware, and Newark, Ohio. The board first licensed the college's Columbus and Newark branches with a certificate of good standing in 1990; in 1991, the Delaware branch first received its certificate.

Under new rules promulgated in 1991, the board automatically granted the college a provisional certificate of good standing. Ohio Adm.Code 4731–1–14(A). It, however, required the college to submit a new application for a certificate of good standing; if the board determined the college met regulatory requirements, it would issue a certificate of good standing or a provisional certificate of good standing. Ohio Adm.Code 4731–1–14(C).

On May 29, 1992, McKinney submitted an application for a certificate of good standing. The board responded with a January 20, 1993 letter requesting additional documentation, including information about appellants' financial statement, instructors' training and background, equipment and facilities, branches at which certain faculty members taught, and a "weekly schedule of subjects including the instructor for each."

In response to appellants' request for additional time to provide the requested information, the board informed McKinney that his financial statement was due by June 27, 1993, with all other requested material due by June 14, 1993. On June 13, 1993, appellants submitted information about current enrollment and where certain faculty members taught. Within that letter, McKinney also included an insurance company's response regarding his request for a surety bond.

On August 12, 1993, the board conducted an on-site inspection, during which a board representative informed McKinney that the college had not yet received the surety bond. McKinney responded that he had secured such a bond with the Reidel Insurance Agency, Inc.; when the board contacted the insurance agency, its agent stated that McKinney had never secured a bond.

On August 31, 1993, the board sent another letter to appellants, clarifying the Ohio Adm.Code 4731–1–16(A)(2) required curriculum. The board reminded appellants that it had previously requested "a schedule detailing dates and clock hours of each session." The letter explained that the required schedule should include "vacations and holidays, beginning and ending dates of quarters, and the total hours met on a quarterly basis." The letter also requested McKinney to

sign an affidavit, affirming the college's electrical neuromuscular stimulation device was not used upon the general public. The board further noted that McKinney had answered "no" to an application question asking whether he had been found guilty or convicted of federal, state, or municipal violations other than minor traffic offenses, and despite McKinney's "no" answer, the board had discovered that he had been convicted of burglary and carnal knowledge of a female under sixteen.

When appellants responded, McKinney admitted his 1961 conviction for burglary and his 1966 conviction for carnal knowledge of a female under sixteen. In a separate letter concerning curriculum and class hours, he stated the total number of class hours within a term, the days on which classes were conducted, the beginning and ending times for each class day, the six holidays observed, and instructors for two classes. In response to the board's request for his affidavit, McKinney demanded written information demonstrating that the board had required other applicants to sign such affidavits.

On December 22, 1993, the board sent appellants yet another letter, alleging violations of Ohio Adm.Code 4731–1–19(C) when five students enrolled in the college before receiving their required board certificates of preliminary education. The letter warned that "any further incidents of failure to comply with the Rules or Statutes of Chapter 4731 of the Ohio Administrative and Revised Codes respectively whether occurring before or after the date of this letter will be reviewed on an individual basis concerning possible grounds for suspension, revocation or denial of a certificate of good standing or renewal of good standing."

Pursuant to R.C. 4731.19 and Ohio Adm.Code 4731–1–25(A), on April 13, 1994, the board sent appellants notice that it intended "to determine whether or not to refuse to issue or renew, suspend, place on probation, or revoke [the] provisional certificate of good standing and [the] application for [a] new provisional certificate of good standing." The board's notice cited several alleged violations of Ohio Adm.Code Chapter 4731–1:

"(a) * * * failure to submit proof of compliance with the surety requirements of Rule 4731–1–13(B)(1), Ohio Administrative Code;

"(b) * * * failure to require each student to prove that he has received a certificate of preliminary education from the board prior to enrollment at Midwestern College of Massotherapy as required by Rule 4731–1–19(C), Ohio Administrative Code;

"(c) * * * failure to answer 'yes' to [the question on the application for a certificate of good standing] which asks, '[h]ave you ever been convicted, or found

guilty of a violation of federal law, state law, or municipal ordinance other than a minor traffic violation?' * * *

"(d) * * * failure to provide complete information as requested by the Board in violation of Rule 4731–1–25(A)(2), Ohio Administrative Code. Specifically, [he] failed to verify compliance with Rule 4731–1–05(D)(2), Ohio Administrative Code by [his] failure to sign and return an affidavit stating that the electrical neuromuscular stimulation device in [the] school's clinical area is not used for services rendered to the public as prohibited by Rule 4731–1–18(I), Ohio Administrative Code;

"(e) * * * failure to provide a complete statement of the course of instruction including a detailed outline showing material and clock hours devoted to each subject as required by Rules 4731–1–13(A)(1) and 4731–1–16(E), Ohio Administrative Code. Further, [he] failed to provide complete information requested by the Board in violation of Rule 4731–1–25(A)(2), Ohio Administrative Code."

Pursuant to R.C. Chapter 119, on May 6, 1994, appellants requested a hearing before a board hearing officer. From evidence gathered at the August 5, 1994 hearing, the hearing officer concluded that appellants had technically violated board regulations concerning McKinney's prior convictions. However, given the board's prior knowledge of that information, the hearing officer found it "fundamentally unfair" to pursue disciplinary action on that ground. In addition, although appellants had failed to secure the necessary surety bond prior to hearing, McKinney presented it at the hearing and thus brought the college into compliance in that regard. In all other respects, the hearing officer found that appellants had violated board regulations. Thus, the hearing officer recommended that the board deny appellants' application for a certificate of good standing and revoke appellants' provisional certificate. On October 12, 1994, the board adopted the hearing officer's report and recommendation, denied appellants' application for a certificate of good standing and revoked appellants' provisional certificate of good standing.

After denying appellants' motion for suspension of the administrative order, the common pleas court affirmed the board's order, finding that appellants had (1) failed to obtain students' primary education certificates prior to their enrollment, (2) provided incorrect information regarding McKinney's prior convictions, (3) failed to sign and return a required affidavit concerning use of the electrical neuromuscular stimulation machine, and (4) failed to provide a complete required statement concerning the course of instruction.

When reviewing an order of the board, the common pleas court must uphold the order if it is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; *Pons v. Ohio State Med. Bd.* (1993),

66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750. The role of the court of appeals, however, is more limited; this court determines only if the common pleas court abused its discretion in finding substantial, reliable and probative evidence to support the board's decision. *Id.* at 621, 614 N.E.2d at 750. Absent an abuse of discretion, we must affirm the common pleas court's factual determinations. Questions on appeal which relate to application of pertinent statutes and rules, however, require that we exercise plenary powers of review. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835.

■ Because our review of the course of instruction and curricular requirements moots examination of other alleged violations, we first discuss the information appellants provided about the course of instruction and curriculum.

R.C. 4731.19 directs the board to determine "the standing of the schools, colleges, or institutions giving instruction in limited branches of medicine * * *." In order to practice, massage therapy graduates must produce a diploma or certificate issued by a school in good standing. R.C. 4731.19.

A certificate of good standing application must contain "[a] statement of the course of instruction including a detailed outline showing material and clock hours devoted to each subject, as well as a weekly schedule of subjects," school catalog or other literature stating entrance requirements and standards of progress, outlines of the course of instruction showing general objectives, and major subjects and length of time to spend on each subject. Ohio Adm.Code 4731–1–13(A)(1), 4731–1–13(A)(8) and 4731–1–16(D). In addition, a qualified applicant must make its daily or weekly schedule of instruction available whenever the board requests. Ohio Adm.Code 4731–1–16(E).

Among the curriculum requirements, schools qualifying for certificates of good standing must teach courses of "practical and theoretical instruction covering a period of not less than one year and a minimum of six hundred clock hours." Ohio Adm.Code 4731–1–16(A)(1). Required subjects include anatomy, physiology, pathology, ethics, clinical program and hygiene, and any other subjects the board deems necessary and appropriate. Ohio Adm.Code 4731–1–16(A)(2).

If the applicant or certified school fails to fulfill regulatory requirements, the board may refuse to issue, refuse to renew, suspend or revoke a certificate of good standing or provisional certificate. Ohio Adm.Code 4731–1–25(A)(1). Noncompliance may include furnishing false, misleading or incomplete information requested by the board. Ohio Adm.Code 4731–1–25(A)(2).

Here, appellants' application materials and subsequent course of study and curriculum statements do not comply with Ohio Adm.Code 4731–1–16 and 4731–1–13(A). Within appellants' application for a certificate of good standing, a copy

of an advertisement, the college catalogue and the enrollment agreement all state the days on which classes are taught and the beginning and ending times for each class day. The included college catalogue lists courses, gives a short description, and states the total number of instruction hours comprising such courses. The catalogue also recognizes seven holidays, including "MCM Founders' Day," an undesignated date.

Within appellants' September 28, 1993 letter to the board, McKinney recognizes six holidays and again mentions the days classes are taught and the beginning and ending times for each class day. While an attached class schedule notes the days two classes are taught and assigns an instructor for each, the letter and schedule do not state the times those classes are taught, the duration of those classes, when other required classes are taught, or term beginning and ending dates. Moreover, in their hearing testimony, McKinney and David L. Joseph, Jr., the college registrar, could not establish precise times and lengths of classes taught. They provided no daily or weekly breakdown of class times, as McKinney indicated the courses "blend together" throughout the class day.

Despite appellants' assertions that they complied with administrative rules, the record does not reflect any "statement of the course of instruction including a detailed outline showing material and clock hours devoted to each subject as well as a weekly schedule of subjects," pursuant to Ohio Adm.Code 4731–1–13(A)(1), 4731–1–16(D) and 4731–1–16(E). The record also does not reflect any statement of "vacations and holidays, beginning and ending dates of quarters, and the total hours met on a quarterly basis," pursuant to the board's request.

Appellants' failure to comply with such regulatory and curricular requirements enabled the board to reject appellants' application for a certificate of good standing and to revoke the provisional certificate. Ohio Adm.Code 4731–1–25(A); *Ohio College of Limited Med. Practice v. State Med. Bd.* (Feb. 27, 1996), Franklin App. No. 95APE08–1108, unreported, 1996 WL 87458.

For the foregoing reasons, the court of common pleas did not err in affirming the board's order. Appellants' assignment of error is overruled, and the common pleas court judgment is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.