**HARMEYER, Appellant,**

v.

**MASON, Appellee.**

[Cite as *Harmeyer v. Mason* (1999), 133 Ohio App.3d 320.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–918.

Decided April 22, 1999.

*Graves & Kohli* and *Gene W. Graves*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Raymond J. Studer*, Assistant Attorney General, for appellee.

KENNEDY, Judge.

The issue presented for review is whether appellee, Donald L. Mason, Chief, Division of Oil and Gas, pursuant to R.C. 1509.12 and 1509.072(B), can order appellant, Richard Harmeyer, a lessee under an exclusive right to produce oil and gas from a one-hundred-sixty-acre tract of land in Lake Township, Wood County ("McClarren Lease"), to plug all eight oil and gas wells on the property when the lease contemplates only five wells on the leased property.

The McClarren Lease granted to appellant the exclusive right to produce oil and gas from the one hundred sixty acres. The lease also granted appellant the right to operate five wells located on the property. Moreover, the lease contained the following obligations to appellant:

"9. If any well will be found to be unproductive, the same will be properly plugged in accordance with regulations of the proper authorities.

"* * *

"11. Upon execution of this oil and gas lease, lessee shall become responsible to the State of Ohio, Division of Oil and Gas, under Ohio Revised Code Chapter 1509, and hold harmless the lessor for any violations or responsibility for the condition of the oil wells now located on the property described in the lease present or future."

Upon inspection, appellee found eight pre-existing oil and gas wells located on the McClarren Lease and further found the wells to be idle and incapable of production. Consequently, appellee issued Chief's Order 93–80 requiring appellant to plug the eight wells and to restore the well sites.

Pursuant to R.C. 1509.36, appellant appealed this order to the Oil and Gas Commission, which upheld the order. Upon appeal, pursuant to R.C. 1509.37, the Franklin County Court of Common Pleas affirmed the commission's decision. Appellant then timely appealed to this court, asserting the following assignment of error:

"The court erred when it found that the decision on administrative appeal of the Oil and Gas Commission Board of Review was lawful and reasonable as such decision was against the weight of the evidence and was an abuse of discretion."

Appellant argues that, under the lease, he had two rights: first, to pump the existing five wells on the leased premises; and second, to drill new wells upon the express written permission of the lessor. Therefore, appellant contends that the Chief's Order 93–80 requiring plugging of eight wells on the leased premises is actually a reformation of his lease agreement with the lessors. Appellant offers *Linn v. Wehrle* (1928), 35 Ohio App. 107, 172 N.E. 288, for his proposition that appellee had no legal right, in the absence of fraud, to reform his obligations

under the McClarren Lease. Although appellant's argument may be persuasive in an action as against the lessor, we respectfully do not find it persuasive under these facts as against appellee.

In short, appellant argues that he should be held responsible for plugging only five of the eligible wells on the leased property.

Our standard of review is whether the lower court abused its discretion in finding that appellee's decision is supported by reliable, probative and substantial evidence and is in accordance with the law. *Quinlan v. Ohio Dept. of Commerce, Div. of Consumer Fin.* (1996), 112 Ohio App.3d 113, 117, 678 N.E.2d 225; *Midwestern College of Massotherapy v. State Med. Bd. of Ohio* (1996), 110 Ohio App.3d 677, 682, 675 N.E.2d 31.

Under R.C. Chapter 1509, entitled "Oil and Gas," the "owner" is defined as "the person who has the right to drill on a tract or drilling unit, to drill into and produce from a pool, and to appropriate the oil or gas produced therefrom." R.C. 1509.01(K).

Appellant had the exclusive right to drill for oil and gas pursuant to the lease; therefore, he is the "owner." Appellant argues, however, that he is excluded from the R.C. 1509.01(K) definition of an "owner" because his right to drill was qualified by requiring the lessor's permission prior to drilling. We disagree. Appellant had the right exclusive to the world (including lessors) to drill for oil and gas on the property.

Further, by the terms of the lease, appellant assumed the responsibility to comply with the chief's order. As mentioned above, the lease obligated appellant to plug any unproductive wells and, moreover, obligated appellant to assume responsibility to appellee and to hold lessors harmless for the "conditions of the oil wells now located on the premises."

While this court is sympathetic to appellant's position, when appellant exclusively leased the one hundred sixty acres, as a matter of law he acquired all the liabilities that arise in connection with the lease, including existing abandoned wells. See *Houser v. Brown* (1986), 29 Ohio App.3d 358, 505 N.E.2d 1021; *State v. Baldwin Producing Corp.* (Mar. 10, 1977), Franklin App. No. 76AP–892, unreported.

Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and DESHLER, JJ., concur.