OPINION
Appellant, Ohio Board of Examiners of Architects ("board"), appeals from a judgment of the Franklin County Court of Common Pleas reversing the board's adjudication order and ordering that appellee, Nicholas J. Zeveski ("Zeveski"), be allowed licensure by reciprocity.
On March 13, 2000, Zeveski submitted to the board an application for registration by reciprocity. Following his receipt of a two-year degree in an architectural design program from Ranken Technical College in 1967, Zeveski began employment in 1970 as a draftsman with Bank Building Corporation at its offices located in St. Louis, Missouri. He received several promotions in the architectural field while employed with Bank Building Corporation. In 1980, Zeveski became a registered architect in the state of Missouri. He later became registered in Wisconsin and Illinois. He remained with Bank Building Corporation as a registered architect until 1984.
Following Zeveski's application, the board received a certification from the National Council of Architectural Registration Boards ("NCARB") that Zeveski has met all of the requirements for council certification.
William Wilcox, the board's executive director, initially reviewed Zeveski's application. Because Zeveski was first registered as an architect in Missouri in 1980, Wilcox applied the version of R.C. 4703.08
in effect in 1980 to determine whether Zeveski met Ohio's requirements for registration by reciprocity.
Undisputedly, Zeveski did not meet Ohio's requirements for having obtained a professional degree in architecture from a school of college rank recognized by the board. However, former R.C. 4703.08 permitted the applicant to substitute two years of practical or equivalent experience for each year of professional education. Wilcox determined that Zeveski did not meet the practical or equivalent experience requirement because Bank Building Corporation was a so-called "design/build" firm when Zeveski was employed there.
On March 29, 2000, the board, through its executive director, notified Zeveski that the board proposed to deny the application. Zeveski timely requested a hearing before the board.
On July 21, 2000, the board conducted a hearing. On direct examination, Wilcox testified:
 Q. * * * [W]hat experience did Mr. Zeveski have at the time of original licensure that could be used to compensate for his educational deficiency?
A. I find none.
 Q. And you don't find his experience to be in a registered architect's office so meeting the statutory provision that allowed each substitution?
A. No.
 Q. And the experience he did have was in what type of environment, what type of office?
 A. What's generally considered to be a design/build organization.
 Q. And you find the design/build experience to be different from the experience in a registered architect's office?
A. I think that's generally accepted, yes.
 Q. So then when you reviewed Mr. Zeveski's application, did you come to a conclusion as to whether or not he was eligible to receive registration by reciprocity?
A. Yes.
Q. What was your conclusion?
 A. That he did not meet the qualifications at the time of original licensure. [Tr. 31-32.]
On cross-examination, Wilcox testified:
 Q. Can you describe for me what the difference between a design/build corporation and a certified architect corporation is?
 A. Generally, it's they are involved in both the design and construction of buildings, and the ownership or management may not be under the direct leadership of architects. It was not a legal design/build was not a legal entity in Ohio until 1995.
 So the only you could not have design and construction in the same organization until that time. And so that was what was required in 1980 in Ohio.
 Q. Do you know what precipitated the change in 1995 to recognize design and build firms in the same organization?
 A. There was a legislation passed to allow that to occur in Ohio.
 Q. The deficiency in Mr. Zeveski's application is that he did not work under the direct supervision then of a qualified architect. Is that a proper characterization?
 A. I think it was more he was working for a design/build firm, a firm that would not have been acceptable in Ohio at that time for credit. [Tr. 34-35.]
The board gave Zeveski additional time to submit an affidavit from Charles Guariglia, who was the vice-president and chief architect for Bank Building Corporation during Zeveski's tenure there. On October 10, 2000, Zeveski submitted the Guariglia affidavit, which details Zeveski's duties and promotions while employed with Bank Building Corporation. Guariglia averred in his affidavit that from 1970 to 1984, Zeveski, at all times, was directly supervised by a licensed and registered architect.
On November 28, 2000, the board issued its adjudication order denying Zeveski's application for registration by reciprocity. The order explains:
 Ohio qualifications for licensure in 1980, the time of Mr. Zeveski's original registration in Missouri, required that the applicant obtain a professional degree in architecture from a school of college rank recognized by the Board and a minimum of three years experience in a registered architect's office. The applicant could substitute two years of practical or equivalent experience in a registered architect's office, for each year of professional education, provided he pass any additional examination the Board requires to determine equivalency.
 Mr. Zeveski does not have a professional degree in architecture. Mr. Zeveski could not substitute two years of experience for each year of professional education, because he did not work in a registered architect's office. In addition, Mr. Zeveski does have the required three years of experience to meet the training requirement.
Zeveski timely appealed the board's adjudication order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On September 28, 2001, the common pleas court rendered its judgment reversing the board's adjudication order and ordering that Zeveski be allowed licensure by reciprocity. The board timely appealed the judgment to this court.
In its single assignment of error, appellant asserts:
 The Court of Common Pleas erred when it ruled that the order of the Ohio Board of Examiners of Architects was not supported by reliable, probative and substantial evidence, and was not in accordance with law.
When reviewing an order of the board, the common pleas court must uphold the order if it is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. The role of the court of appeals, however, is more limited. This court determines only if the common pleas court abused its discretion in finding substantial, reliable, and probative evidence to support the board's decision. Id. at 621. Absent an abuse of discretion, we must affirm the common pleas court's factual determinations. Questions on appeal which relate to application of pertinent statutes and rules, however, require that we exercise plenary powers of review. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339; Midwestern College of Massotherapy v. State Med. Bd. of Ohio (1996),110 Ohio App.3d 677, 682.
The issue before us is solely one of law. Therefore, we exercise our plenary powers of review in this case.
R.C. 4703.08 currently sets forth the statutory requirements for applicants licensed in another jurisdiction who seek registration in Ohio to practice architecture. Supplementing the statute, Ohio Adm. Code 4703-2-05 states:
 (A) Applications for registration by reciprocity under the provisions of section 4703.08 of the Revised Code shall be submitted on forms furnished by the board. Said applicants shall hold current registration in the state or jurisdiction in which their practice or residence is located or in their original state or jurisdiction of registration.
 (B) The qualifications of the applicant must be substantially equivalent, in the opinion of the board, to those required in this state at the time of original registration. The applicant may be required to pass an examination as the board may determine necessary to bring the candidate's record up to the requirements in the state of Ohio at the date of original registration.
In effect in 1980, former R.C. 4703.07 stated:
 Unless certified and registered under section 4703.08 of the Revised Code, an applicant shall:
(A) Be at least eighteen years of age;
(B) Be of good moral character;
 (C) Submit satisfactory evidence of having obtained a professional degree in architecture from a school of college rank recognized by the state board of examiners of architects. The applicant may substitute two years of practical or equivalent experience as set forth in division (D) of this section, for each year of professional education, provided he passes any additional examination the board requires to determine equivalency.
 (D) Complete at least three years practical experience in a registered architect's office, including, but not limited to, design and construction documents, construction administration and office management, or equivalent experience acceptable to the board.
(E) Pass an examination as prescribed by the board.
Former R.C. 4703.08 stated:
 The state board of examiners of architects shall certify and register an applicant who provides satisfactory evidence that he is either:
 (A) A registered and certified architect in another state where the qualifications required are equal, in the opinion of the board, to those required in sections 4703.01 to 4703.19 of the Revised Code, who holds a certificate in good standing issued by the national council of architectural registration boards * * * [.]
Apparently, the 1995 legislation that Wilcox referred to during his testimony before the board is R.C. 4703.182, which became effective November 24, 1995. R.C. 4703.182(A) provides that "any person who performs labor or who provides services pursuant to a construction contract may offer or provide architectural services in connection with the person's own labor or services" if certain statutory conditions are met. Further, R.C. 4703.182(C)(2) p rovides the following definition:
 (2) "Design-build" means a project delivery system for improvements to real property by which a person is solely responsible contractually as a contractor to an owner for both the design and construction of the improvement, which design and construction may include a performance-based specification established by the owner rather than a specific design as an improvement goal. * * *
The sole issue before us is whether the provision of former R.C. 4703.07
permitting an applicant to substitute two years of practical or equivalent experience in a registered architect's office for each year of professional education excludes experience in a so-called "design/build" firm where the applicant was at all times working under the supervision of a registered architect. We find that former R.C. 4703.07 did not exclude such experience simply because the experience was obtained while the applicant was employed in a "design/build" firm.
We note here that appellant has not cited to us any promulgated board rule that could be viewed as supplementary to the 1980 version of former R.C. 4703.07 or 4703.08. Hence, we are solely faced with interpretation of former statutes.
The paramount consideration in construing a statute is the legislative intent in its enactment. State ex rel. Antonucci v. Youngstown City School District Bd. of Edn. (2000), 87 Ohio St.3d 564, 565. We must first look at the statutory language, and words and phrases used shall be read in context and construed according to the rules of grammar and common usage. Id; R.C. 1.42
If the meaning of a statute is unambiguous and definite, then it must be applied as written, and no further interpretation is appropriate. State ex rel. Purdy v. Clermont Cty. Bd. of Elections (1997),77 Ohio St.3d 338, 340. It is the duty of the court to give effect to the words used and not to insert words not used. Id.
We find that the phrase "experience in a registered architect's office" in former R.C. 4703.07(D) is unambiguous and definite, and no further interpretation is appropriate.
Here, appellant in effect asks us to insert language into the statute that would exclude experience obtained in a "design/build" firm even though the experience is obtained in a registered architect's office. The apparent basis for asking this court to insert such exclusionary language is the subsequent enactment in 1995 of R.C. 4703.182.
Appellant seems to suggest that this court must assume that the enactment of R.C. 4703.182 in 1995 was necessary or appropriate to remove a "design/build" exclusion that is not found in former R.C. 4703.07 or4703.08. This court cannot accept appellant's suggested assumption. To do so would contravene the plain and unambiguous meaning of the phrase "experience in a registered architect's office" found in former R.C.4703.07.
For the foregoing reasons, the court of common pleas did not err in reversing the board's order. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.