{¶ 23} I disagree that the record contains evidence raising an issue of fact as to the unconscionability of the arbitration agreements at issue, and because I believe that the record does not demonstrate an abuse of discretion by the trial court, I respectfully dissent.
 {¶ 24} Absent an abuse of discretion, an appellate court must not overturn a factual determination of the trial court. Lesliev. Baltes, 10th Dist. No. 89AP-1220; MidwesternCollege of Massotherapy v. State Med. Bd. of Ohio (1996),110 Ohio App.3d 677,682, 675 N.E.2d 31. Yet, without identifying the specific basis for a finding that an abuse of discretion occurred in this case, and, in my view, in a departure from this court's recent line of cases dealing with alleged unconscionability of arbitration clauses in consumer transactions, my colleagues believe that this case warrants reversal.
 {¶ 25} The majority relies upon Williams v. Aetna Fin. Co.
(1998), 83 Ohio St.3d 464, 700 N.E.2d 859, for support of its conclusion that the arbitration provisions in the instant case may be unconscionable and unenforceable. But, as this court has previously noted, after Williams, it appears that trial courts must conduct an individualized review of the particular facts in each case in determining whether an arbitration provision is unconscionable and thus unenforceable. Vincent v. Neyer (2000),139 Ohio App.3d 848, 856, 745 N.E.2d 1127; Battle v. Bill SwadChevrolet, Inc. (2000), 140 Ohio App.3d 185, 191,746 N.E.2d 1167.
 {¶ 26} Writing for the four-member majority, Justice Resnick went to great lengths to emphasize that the reason for the majority's finding of unconscionability in Williams was that the record contained evidence of an egregious, multi-party scheme to defraud low-income, elderly, African-American homeowners by securing mortgages on their property to finance repair work that one of the conspirators suggested was needed and promised to perform, but never intended to complete. The Supreme Court of Ohio noted that the conspiracy engaged in by the defendants was the "fundamental reason" for the plaintiff having entered into the loan agreement in the first place. The court set forth no syllabus law, and its opinion contains at least six instances where the court emphasized that its discussion was limited to the particular facts of that case,[1] which, in my view, indicates it did not envision broad application of its ultimate conclusion. As this court has previously noted, the important concept to be gleaned from Williams is that the facts and circumstances surrounding the making of an arbitration provision — particularly one contained in an agreement involving a consumer transaction — must be inquired into on a case-by-case basis.
 {¶ 27} The trial court in the instant case made such an inquiry, and I believe that the conclusion it reached was not an abuse of discretion and thus should not be disturbed. The facts of record, as set forth in appellant's affidavit, are wholly unlike those in Williams. I believe that our review is more properly guided by the cases of DiPietro v. Ginther, 10th
Dist. No. 01AP-1047, 2002-Ohio-4772 and Kidwell v. BuckeyeTerminix Co., Inc., 10th Dist. No. 02AP-1285, 2003-Ohio-2881, discussed infra.
 {¶ 28} In the present case, appellant contends that he was prejudiced by the failure of the trial court to hold a trial on the issue of arbitrability on the grounds that the arbitration clauses involved herein were adhesive and unconscionable, and thus unenforceable. In support of this position, appellant states, at paragraph two of his affidavit, that the documents he signed were prepared before he arrived at the offices of Wells Fargo Financial f/d/b/a Norwest Financial, and he was not provided with any of the documents prior to that day. He states that no one told him anything about the loan terms except with respect to the monthly payment. At paragraph three, he avers, "[t]here was no discussion of any of the loan terms or the documents, nor was I allowed to negotiate any terms. * * * I never discussed arbitration or any means of resolving a dispute concerning the loan or any claims that I might have."
 {¶ 29} At paragraph four, appellant states that, when he arrived at Norwest Financial's offices, he was told to sign the loan papers if he wanted the truck. He further avers that, there was no discussion or negotiation concerning the loan terms or documents other than appellant being directed where to sign the documents. Appellant states that Norwest Financial did not offer to let him read any of the documents, and did not offer or provide any opportunity to read the documents. He states that he was unaware that any of the documents contained an arbitration agreement, and that no such agreement was discussed.
 {¶ 30} In DiPietro, supra, the plaintiff homeowners sued the defendant home inspection company on theories of negligent inspection, fraud and breach of contract. The defendant sought a stay and reference to arbitration based upon an arbitration clause contained in the written inspection agreement. The trial court denied the motion, finding that it would be unconscionable to force the plaintiffs to arbitrate their claims.
 {¶ 31} Like appellant herein, the plaintiffs had asserted in their complaint and in their memorandum in response to the motion to compel arbitration that the inspection agreement, as a whole, was a contract of adhesion and therefore should not be enforced. In reversing and remanding with instructions to enter an order compelling arbitration, this court reviewed all of the applicable case law and the plain language of R.C. Chapter 2711. Then the court noted that the plaintiffs did not seek rescission of the contract (as some of their claims were based upon it) and did not dispute that they had in fact signed the agreement and that it contained an arbitration clause.
 {¶ 32} Applying the language of R.C. 2711.03 to the facts, this court concluded that the plaintiffs had not challenged either the "making of the agreement" or any "failure to comply" therewith. Finding the record devoid of evidence that anydiscussion about the terms of the agreement had occurred, or that the plaintiffs had ever requested to remove or modify any of the terms, we concluded that no trial was warranted on the issue of arbitrability prior to entry of an order compelling arbitration.
 {¶ 33} More recently, this court dealt with similar facts in the same manner in Kidwell, supra. That case involved an arbitration provision contained in a written contract for termite damage protection services. The plaintiff sought recovery against the defendant on several theories, including breach of contract, and sought to avoid the arbitration agreement because, he said, it was never mentioned, discussed or specifically agreed upon. We reversed the trial court's denial of the defendant's motion to compel arbitration.
 {¶ 34} In Kidwell, this court explained:
[Mr. Kidwell] remains in the rather awkward position of having filed pleadings that designate the Termite Protection Plan as the basis of recovery while simultaneously alleging that [he] is not bound by the terms of the same contract with respect to arbitration. Though such an argument may be feasible given circumstances in which the arbitration provision of the contract, as separate from the contract itself, is fraudulently induced, such circumstances do not exist in the instant case. Rather,[Mr. Kidwell] asserts that, because the arbitration provision wasnot specifically discussed, he is not subject to its terms.
However, "the law does not require that each aspect of a contract be explained orally to a party prior to signing" or otherwise accepting the terms contained therein. Upon receipt of the contract, Mr. Kidwell had the opportunity to object to the arbitration requirement, but failed to raise any such objection to the contract as a whole or to any of its individual provisions. Instead, [he] tendered annual renewal payments to Buckeye Terminix, as provided on the front page of the contract, in order to ensure its continued existence and protective warranties. Moreover, he accepted the written contract to the point of founding his lawsuit upon it.
Id. at ¶ 8-9. (Citations omitted.) (Emphasis added.)
 {¶ 35} In the present case, appellant does not contend that he did not sign the contracts including the arbitration provisions, and does not claim mistake or inadvertence. He does not contend that his primary inducement for entering into the agreements was an egregious scheme to defraud him like the one found present in Williams. Like the plaintiff in Kidwell,
appellant bases one of his theories of recovery upon the very contract containing the arbitration provision he seeks to avoid, yet, rather than asserting a claim that he was somehow unfairly preyed upon like the plaintiff in Williams, appellant asserts that he is not subject to the terms of the arbitration provision simply because the same was not specifically discussed.
 {¶ 36} Appellant claims that appellees did not offer him the opportunity to read the documents he signed in conjunction with his automobile loan, yet he fails to allege that he ever asked or attempted to do so. He attempts to portray the agreements as adhesive, yet he never states that he tried to negotiate any of the terms, or that appellees affirmatively indicated that the same were non-negotiable. Appellant claims he was unaware of the substantive provisions of the contracts, but does not claim that he ever attempted to become aware of them, that anyone physically prevented him from reading the documents, or that, due to some infirmity, illiteracy, or unfamiliarity with the English language, he was prevented from doing so.
 {¶ 37} In summary, the facts alleged are insufficient to raise an issue as to the making of the agreements for arbitration. Pursuant to the plain language of R.C. 2711.03 and the foregoing authorities, the trial court did not abuse its discretion when, after performing an analysis of the facts of record, as required by Williams, it found the arbitration provisions enforceable. I would thus affirm the judgments and overrule all three of appellant's assignments of error.
 {¶ 38} Finally, I do not join in the majority's suggestion that the Supreme Court of Ohio in Maestle v. Best Buy Co.,100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, held or implied that trial courts must always conduct an oral hearing when a motion is made pursuant to R.C. 2711.03, based upon that statute's language requiring the trial court to "hear the parties" on the issue of arbitrability.
 {¶ 39} For all of the foregoing reasons, I respectfully dissent.
[1] The court at 472-473 used phrases such as: "given all of the attendant facts and circumstances," "[a]fter taking into account * * * the complete record," "[w]hen the further complete situation of this case is taken into account," "based on the specific circumstances present here," and "based on the entire record of this case * * *."