BURKETTE *v.* CHRYSLER INDUSTRIES, INC., D.B.A. DICK'S TRAILER RENTAL, APPELLEE, ET AL.; HULL, APPELLANT.

(No. 87AP-745 — Decided May 5, 1988.)

*Mark Fisher,* for Dennis Burkette.
*Johrendt & Cook, Michael J. Johrendt* and *John F. Berry,* for appellee Chrysler Industries, Inc.
*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.,* and *Paul Michael Doucher,* for appellant.

BOWMAN, J. On May 1, 1986, ap-

pellant, Patricia Hull, entered into a rental agreement with appellee, Chrysler Industries, Inc., d.b.a. Dick's Trailer Rental ("Dick's"), to rent a trailer. The rental agreement, a preprinted form, was presented to appellant, and she signed it without negotiation or discussion. The rental agreement read in part as follows:

"CONDITIONS OF RENTAL CONTRACT

"In consideration of the bailment of trailer, and/or equipment I, the undersigned hereby agree * * * that I expressly waive and discharge Dick's Trailers * * * from any and all liability for damages by reason of any imperfection in said trailer whatsoever; * * * that I will be solely responsible for all traffic violations, losses by fire or theft, and all other damage to said trailer while in my use or possession; that I will hold harmless, protect and indemify [sic] Dick's of all losses, claims, actions, demands, and expenses arising out of my possession or use of said trailer * * *."

While appellant was signing the rental agreement, one of Dick's employees hooked the trailer to appellant's vehicle. Appellant's son, Mark Millay, operated the truck pulling the trailer, and as they were driving northbound on I-270, the empty trailer separated from the truck. The runaway trailer crossed the northbound traffic lanes of I-270 into the southbound traffic lanes of I-270 where the trailer allegedly ran into the path of Dennis Burkette's truck. Thereafter, the trailer was allegedly propelled into the path of Bradley Feiber, who was driving his motorcycle southbound on I-270.

As a result of the injuries he sustained from the accident, Burkette filed a complaint against defendants Mark Millay, Joseph Hull, Patricia Hull, Dick's, and David Bocook. Dick's filed a cross-claim against appellant and Mark Millay based upon the hold harmless and indemnification clauses in the rental agreement. On May 15, 1987, Dick's moved for summary judgment on its cross-claim against appellant for indemnity. On June 29, 1987, the trial court granted Dick's motion for summary judgment finding that there were no genuine issues of material fact and that appellee was entitled to judgment as a matter of law. Appellant now brings this appeal and asserts that summary judgment was improperly granted.[1]

Summary judgment is proper if there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. The burden of showing that no genuine issue of material fact exists rests on the party requesting summary judgment. See *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 24 O.O. 3d 1, 433 N.E. 2d 615; *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

---

[1] Appellant does not set forth a statement of the assignment of errors presented for review as required by App. R. 16(A)(2); however, in her argument, appellant states: "Appellant asserts one Assignment of Error in the court below: that Summary Judgment was improperly granted." Accordingly, this court will proceed as if this assignment of error had been properly set forth.

Appellant contends that genuine issues of material fact exist as to whether the indemnity provision in the contract is adhesive. In *Fireman's Fund Ins. Co.* v. *BPS Co.* (1985), 23 Ohio App. 3d 56, 23 OBR 101, 491 N.E. 2d 365, paragraph three of the syllabus, this court held that as long as there was no great disparity of bargaining power between the parties, a commercial lease, which clearly and unequivocally relieves the lessor from liability for damages suffered by the lessee resulting even from the lessor's own negligence, is valid in Ohio on the theory of freedom of contract.

However, in this case, there exists a genuine issue of material fact as to whether there was a great disparity of bargaining power between the parties. Dick's contends that appellant was a business woman and thus should be held to be of equal bargaining power to any other commercial establishment. Appellant asserts that she was a consumer with no more knowledge than any other consumer dealing with a truck rental company. Thus, a genuine issue of material fact exists as to whether there was a disparity of bargaining power. Determination of this issue could render the indemnity provision in the contract adhesive.

Appellant also contends that a genuine issue of fact exists as to whether the indemnity provision is against public policy. In *George H. Dingledy Lumber Co.* v. *Erie RR. Co.* (1921), 102 Ohio St. 236, 242, 131 N.E. 723, 725, the court stated:

"* * * Public policy clearly requires that such contracts shall be restricted rather than extended. It is a fundamental rule in the construction of contracts of indemnity that such a contract shall not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in clear and unequivocal terms. * * * [T]here can be no presumption that the indemnitor intended to assume the liability unless the contract puts it beyond doubt by express stipulation. * * *"

The court also noted, *id.* at 243, 131 N.E. at 725, that it would take clear language to show that an indemnity contract was intended to cover conditions or operations under the control of the party indemnified, and not under the control of the indemnifying party, for instance accidents, the proximate cause of which is the negligence of the party indemnified, citing *North American Ry. Constr. Co.* v. *Cincinnati Traction Co.* (C.A. 7, 1909), 172 F. 214, 216.

The first two paragraphs of the syllabus of *Kay* v. *Pennsylvania RR. Co.* (1952), 156 Ohio St. 503, 46 O.O. 417, 103 N.E. 2d 751, set forth the basic applicable rule as follows:

"1. Contracts of indemnity purporting to relieve one from the results of his negligence must be construed strictly.

"2. The intention to provide such indemnification must be expressed in clear, unequivocal terms."

See, also, *Bowman* v. *Davis* (1976), 48 Ohio St. 2d 41, 44, 2 O.O. 3d 133, 135, 356 N.E. 2d 496, 498, wherein the court held that indemnity agreements purporting to release a party from the consequences of his negligence and failing to express that intent in clear and unequivocal terms are unenforceable.

In the case at bar, the language of the indemnity clause in the rental agreement is not clear and unequivocal and is subject to different interpretations. Therefore, a determination must be made as to the meaning of the clause and whether the provision is against public policy. The rental agreement in this case appears to have been designed to release Dick's from the consequences of its negligence. However, that intent is not set out in

clear and unequivocal terms. Nowhere does the form mention release from liability for negligence, and the form does not clearly state the kinds of "other damage" that it covers. See *Bowman, supra.* Since the language in the agreement is not clear and unequivocal, it cannot have the effect of relieving Dick's from the results of its own negligence.

The agreement states only that "* * * I will hold harmless, protect and indem[n]ify Dick's of all losses, claims, actions, demands, and expenses arising out of my possession or use of said trailer * * *." Strictly construed, such language implies that indemnification is only as to the bailee's conduct. The loss or claim must arise from the bailee's "possession or use of [the] trailer." Wrongful conduct of the bailor does not arise out of the bailee's possession or use of the trailer.

Additionally, here at least, part of the alleged wrongful conduct of Dick's occurred prior to the possession or use of the trailer by appellant, namely negligent attachment of the trailer to the vehicle. Although the agreement also refers to a release by appellant for damages resulting from imperfections in the trailer, negligent attachment is not necessarily the result of an imperfection in the trailer.

Accordingly, this court finds that genuine issues of material fact exist and that the trial court erred in granting Dick's motion for summary judgment. Appellant's assignment of error is sustained, the judgment of the trial court is reversed, and the cause is remanded.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and REILLY, J., concur.