HARPER, Appellee,

v.

J.D. BYRIDER OF CANTON, Appellant, et al.

[Cite as *Harper v. J.D. Byrider of Canton*, 148 Ohio App.3d 122, 2002-Ohio-2657.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 01CA0064.

Decided June 5, 2002.

David B. Levin, for appellee.

Rex W. Miller, for appellant.

Per Curiam.

{¶ 1}  Appellant-defendant J.D. Byrider of Canton appeals the order of the Wayne County Court of Common Pleas.  This court reverses.

{¶ 2}  On February 17, 2001, plaintiff-appellee Jason W. Harper purchased a 1996 Ford Escort from J.D. Byrider for $13,017.64. At the time of purchase, the odometer read 50,305 miles.  Subsequently, Harper believed that the odometer had been rolled back and the mileage misrepresented, causing him to file suit against J.D. Byrider.

{¶ 3}   On August 9, 2001, J.D. Byrider filed a motion for stay so that the case could be referred to arbitration pursuant to the terms of the sales agreement. Harper filed a motion in opposition.

{¶ 4}   On November 6, 2001, the trial court denied J.D. Byrider's motion, finding that the arbitration clause in the sales agreement was adhesive and unconscionable.

{¶ 5}   J.D. Byrider has timely appealed, asserting one assignment of error.

## ASSIGNMENT OF ERROR

{¶ 6}   "The trial court erred in denying appellant's motion pursuant to R.C. 2711.02 to stay the litigation and order the case to arbitration."

{¶ 7}   In its sole assignment of error, J.D. Byrider claims that the trial court erred when it denied the motion for stay after concluding that the arbitration clause in the sales agreement with Harper was adhesive and unconscionable. This court agrees.

{¶ 8}   The Ohio Supreme Court has stated:

{¶ 9}   "Ohio and federal courts encourage arbitration to settle disputes. *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 27, 623 N.E.2d 39, 40; *Southland Corp. v. Keating* (1984), 465 U.S. 1, 10, 104 S.Ct. 852, 858, 79 L.Ed.2d 1, 12. Our General Assembly also favors arbitration. R.C. 2711.02 requires a court to stay an action if the issue involved falls under an arbitration agreement, and under R.C. 2711.03, a party to an arbitration agreement may seek an order directing the other party to proceed to arbitration." *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574. R.C. 2711.02 empowers a party to motion for stay to compel arbitration.

{¶ 10}   To defeat a motion for stay to compel arbitration, "a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." *ABM Farms, Inc.*, supra, at 502, 692 N.E.2d 574.

{¶ 11}   "A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. The fraud relates not to the nature or purport of the contract, but to the facts inducing its execution. *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 14, 552 N.E.2d 207, 210. In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment. *Beer v. Griffith* (1980), 61 Ohio St.2d 119, 123, 15 O.O.3d 157, 160, 399 N.E.2d 1227, 1231." Id.

{¶ 12} In the instant case, the sales agreement between Harper and J.D. Byrider contained an arbitration clause. However, the trial court concluded that the arbitration clause was unenforceable not due to fraudulent inducement. Rather, the trial court based its ruling upon the issue of "unconscionability," concluding that "the arbitration clause in the contract between Plaintiff and Defendant is adhesive and unconscionable, rendering it unenforceable."

{¶ 13} It is true that an unconscionable arbitration provision is not enforceable. See *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 471–473, 700 N.E.2d 859. An unconscionable contract clause is one where there is the absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to one party. *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. Such a determination requires a case-by-case review of the facts and circumstances surrounding the agreement. See *Burkette v. Chrysler Industries, Inc.* (1988), 48 Ohio App.3d 35, 37, 547 N.E.2d 1223; *Vincent v. Neyer* (2000), 139 Ohio App.3d 848, 745 N.E.2d 1127.

{¶ 14} The trial court concluded that the arbitration clause was unconscionable because (1) the clause was in a preprinted form, lessening Harper's bargaining power without input on the contract's construction; (2) the unsupported rumination that a "true 'meeting of the minds' " may not have occurred; and (3) the predicate language—"IN ORDER TO COMPLETE THE PURCHASE"—to the arbitration clause evinced a condition precedent to finalizing the sale.

{¶ 15} The trial court is mistaken. The record is bereft of Harper's absence of meaningful choice, i.e., that he was unable to purchase an analogous motor vehicle from another dealership without an arbitration clause. The record is devoid of a claim that the arbitration clause was concealed or misrepresented. Preprinted forms are a fact of commercial life and do not serve to demonstrate prima facie unconscionability with regard to arbitration clauses. See *Richard A. Berjian, D.O., Inc. v. Ohio Bell Tel. Co.* (1978), 54 Ohio St.2d 147, 156, 8 O.O.3d 149, 375 N.E.2d 410; and *Collins,* 86 Ohio App.3d at 833, 621 N.E.2d 1294 ("[T]he fact that the Click Camera order form is a standardized agreement does not require that we find it to be against public policy. There are many legitimate business reasons for utilizing standard forms, e.g., cost reduction, and thus such agreements are not necessarily in conflict with the public interest.").

{¶ 16} This court must review the trial court's judgment in this case under an abuse-of-discretion standard. See *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. This court concludes that a

preprinted sales agreement which contains an arbitration clause as a condition precedent to the final sale, without more, fails to demonstrate unconscionability of the arbitration clause. Accordingly, the trial court abused its discretion.

{¶ 17} J.D. Byrider's sole assignment of error is sustained. This court reverses the judgment of the court of appeals and remands the cause to the trial court for entry of an order staying the matter.

Judgment reversed
and cause remanded.

SLABY, P.J., and BAIRD, J., concur.

CARR, J., dissents.

CARR, Judge, dissenting.

{¶ 18} I respectfully dissent. The Ohio Supreme Court has recognized that arbitration clauses that arise in sales agreements between consumers and retailers are subject to considerable skepticism upon review because of the disparity in the bargaining positions between the parties:

{¶ 19} "In the situation presented here, the arbitration clause, contained in a consumer credit agreement with some aspects of an adhesion contract, necessarily engenders more reservations than an arbitration clause in a different setting, such as in a collective bargaining agreement, a commercial contract between two businesses, or a brokerage agreement. See, generally, 1 Domke on Commercial Arbitration (Rev.Ed.1997) 17–18, Section 5.09. * * *

{¶ 20} "* * * [T]he presumption in favor of arbitration should be substantially weaker in a case such as this, when there are strong indications that the contract at issue is an adhesion contract, and the arbitration clause itself appears to be adhesive in nature. In this situation, there arises considerable doubt that any true agreement ever existed to submit disputes to arbitration." *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 472–473, 700 N.E.2d 859.

{¶ 21} In *Williams,* the court reviewed all the circumstances surrounding the agreement, taking special note of the requirement that the borrower had to prepay a substantial fee even to get access to an arbitration before endorsing the trial court's conclusion that the contract at issue was an adhesion contract that vitiated the arbitration clause. Id.

{¶ 22} In the instant case, the trial court reviewed the contract and circumstances surrounding the contract. Considering the skepticism with which such clauses are held by the Ohio Supreme Court in *Williams,* I cannot conclude that the trial court committed error with its determination in this case. Accordingly, I respectfully dissent.