{¶ 26} Based upon the Ohio Supreme Court's decision in Williams v. Aetna Finance Co. (1998), 83 Ohio St.3d 470, it appears that trial courts must conduct a case-by-case review of the particular facts in determining whether enforcement of an arbitration provision would be unconscionable. Vincent v. Neyer (2000), 139 Ohio App.3d 848. The trial court identified a number of equitable factors upon which it relied in concluding that enforcement of the arbitration provision would be unconscionable. Although others assessing these factors might reach different conclusions, I do not believe the trial court's ruling constitutes an abuse of discretion.
{¶ 27} Furthermore, although state and federal law favor enforcement of agreements to arbitrate, both R.C. 2711.01(A) and Section 2, Title 9, U.S. Code permit a court to invalidate an arbitration agreement on equitable or legal grounds that would cause any agreement to be revocable. One such ground is unconscionability. Again, because I do not believe the trial court abused its discretion in finding that enforcement of the arbitration provision would be unconscionable, I respectfully dissent.