OPINION.
{¶ 1} Defendants-appellants/cross-appellees, Fischer Attached Homes, Ltd., and Fischer Homes, Inc., ("Fischer") appeal the judgment of the Hamilton County Court of Common Pleas denying their motion to stay proceedings pending arbitration. Plaintiffs-appellees/cross-appellants, Elizabeth A. Harlamert, Kevin E. Guilfoyle, and Margaret A. Guilfoyle, appeal the trial court's determination that its judgment was final and appealable.
{¶ 2} The appellees entered into contracts with Fischer for the purchase of homes. The purchase contracts included the following language: "Any controversy, claim, or other matter arising out of or relating to the Agreement of Sale, or breach thereof, other than a claim by Builder for specific performance related damages, shall be settled in accordance with the Construction Industry Arbitration Rule of the American Arbitration Association * * *." A separate clause of the contracts provided, "If Purchaser breaches any provisions of this Agreement, Builder may maintain an action for damages suffered as a result of Purchaser's breach and seek to enforce all remedies available in law or equity * * *."
{¶ 3} A dispute arose concerning the construction of the homes, and the appellees filed a lawsuit in the common pleas court. Fischer filed a motion for a stay of the proceedings pending arbitration. The trial court denied the motion, holding, inter alia, that the arbitration provision was not enforceable because it was not binding on Fischer.
{¶ 4} We first address the cross-appeal. In a single assignment of error, the appellees argue that the trial court's judgment was not a final appealable order. We disagree. The trial court's denial or grant of a motion to stay proceedings pending arbitration is immediately appealable pursuant to R.C. 2711.02(C). The assignment of error set forth in the cross-appeal is therefore overruled.
{¶ 5} In its sole assignment of error, Fischer argues that the trial court erred in overruling its motion to stay the proceedings pending arbitration. A decision to grant or deny a motion to stay pending arbitration is within the discretion of the trial court and will not be reversed absent an abuse of discretion.[1] An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[2]
{¶ 6} In the case at bar, we cannot say that the trial court's decision constituted an abuse of discretion. Although arbitration is encouraged as a method of resolving disputes,[3] where the arbitration clause violates principles of equity, under all the attendant facts and circumstances, a court may refuse to enforce such a clause.[4] Here, the trial court found enforcement of the clause to be inequitable, because Fischer reserved the right to file suit, whereas the purchasers were required to submit to arbitration. We find no error in that conclusion.
{¶ 7} Fischer argues, though, that it merely reserved the right to pursue all remedies that would be available in arbitration, and that it, too, was bound by the arbitration clause. In support of its position, Fischer cites Gibbons-Grable Co. v. Gilbane Bldg. Co.[5] InGibbons-Grable, the contract included an arbitration clause but also provided that "[t]he duties and obligations imposed by the Contract Documents and the rights and remedies available thereunder shall be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed by law."[6] The Gibbons-Grable court held that the arbitration provision was enforceable.[7] The parties had merely reserved the right to pursue all remedies to which they may have been entitled; they did not reserve the right to circumvent the arbitration clause entirely.[8]
{¶ 8} We hold that Gibbons-Grable is distinguishable from the case at bar. In the case at bar, Fischer explicitly reserved the right to "maintain an action for damages." Fischer thus reserved more than the right to pursue available remedies; it reserved the right to file suit. Moreover, only Fischer reserved such a right. The purchaser was not accorded the option of circumventing the arbitration provision. Thus, unlike the general reservation-of- remedies clause in Gibbons-Grable, the contract in the case at bar specifically favored one party.[9] Under these circumstances, we find no abuse of discretion in the trial court's refusal to stay the proceedings, and the judgment of the trial court is affirmed.
Judgment affirmed.
Gorman and Winkler, JJ., concur.
[1] Harper v. J.D. Byrider of Canton, 148 Ohio App.3d 122,2002-Ohio-2657, 772 N.E.2d 190, at ¶ 16.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[3] See, e.g., ABM Farms, Inc. v. Woods, 81 Ohio St.3d 498,1998-Ohio-612, 692 N.E.2d 574.
[4] Williams v. Aetna Finance Co., 83 Ohio St.3d 464, 472,1998-Ohio-294, 700 N.E.2d 859.
[5] (1986), 34 Ohio App.3d 170, 517 N.E.2d 559.
[6] Id. at 175, 517 N.E.2d 559.
[7] Id.
[8] Id.
[9] We also note that the Gibbons-Grable court did not address the fairness of the arbitration provision, only its relationship to the other clauses of the contract.