[Cite as *Lavelle v. Henderson*, 2016-Ohio-5313.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PATRICK J. LAVELLE, et al.

     Appellants

     v.

ROBERT HENDERSON dba Renew Home
Design

     Appellee

C.A. No.     27921

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-04-2499

DECISION AND JOURNAL ENTRY

Dated: August 10, 2016

MOORE, Judge.

{¶1}     The plaintiffs, Patrick and Mary Jo Lavelle, appeal from the judgment of the Summit County Court of Common pleas, which stayed the proceedings and compelled arbitration. We affirm.

I.

{¶2}     On April 24, 2015, the Lavelles filed a complaint against Robert Henderson dba Renew Home Design. In their complaint, they alleged that they entered into a contract with Mr. Henderson to perform renovation and construction work to their home, which included the construction of a two-story addition. The contract attached to the complaint provided that the Lavelles would pay Mr. Henderson $60,000 for this work. Under the terms of the agreement, Mr. Henderson was to commence work within three days of permits being issued. However, the Lavelles maintained that the permits were issued on December 12, 2014, but Mr. Henderson did not begin work until January 12, 2015. Further, the Lavelles maintained that Mr. Henderson

ultimately refused to complete the agreed work, despite the Lavelles having tendered to him $34,226 in payments. Based upon these allegations, the Lavelles asserted claims under the Ohio Consumer Sales Practices Act ("CSPA") and the Home Solicitation Sales Act ("HSSA"), a claim for breach of contract, and a claim for promissory estoppel.

{¶3} Thereafter, Mr. Henderson moved the court to stay proceedings and compel the Lavelles to arbitrate their claims in accordance with a section of the contract which provides:

> Should any dispute arise relative to the performance of this contract that the parties cannot resolve, the dispute shall be referred to a single arbitrator acceptable to the builder and the buyer. If the builder and the buyer cannot agree upon an arbitrator, the dispute shall be referred to the American Arbitrator Association for resolution.

> All attorney fees that shall be incurred in the resolution of dispute shall be the responsibility of the party not prevailing to the dispute.

{¶4} The Lavelles responded by filing a brief in opposition to Mr. Henderson's motion to stay and compel arbitration. Therein, the Lavelles maintained that the "loser-pays" provision for attorney fees was in conflict with the remedial purpose of the CSPA, which rendered the arbitration clause, as a whole, unenforceable.

{¶5} In a journal entry dated July 31, 2015, the trial court granted the motion to stay litigation and compel arbitration. The Lavelles timely appealed, and they now present one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

TRIAL COURT ERRED WHEN IT GRANTED [MR. HENDERSON'S] MOTION TO STAY AND COMPEL ARBITRATION[.]

{¶6} In their sole assignment of error, the Lavelles argue that the trial court erred in granting Mr. Henderson's motion to stay and compel arbitration.

**{¶7}** "When addressing whether a trial court has properly granted motions to stay proceedings and compel arbitration, the standard of review is abuse of discretion." *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, ¶ 10 (9th Dist.), citing *Carter Steel & Fabricating Co. v. Danis Bldg. Constr. Co.*, 126 Ohio App.3d 251, 254-255 (3d Dist.1998). However, at issue here is the enforceability of the arbitration clause as a matter of public policy, which is a question of law. *See Murray v. David Moore Builders, Inc.*, 9th Dist. Summit No. 23257, 2006-Ohio-6751, ¶ 8*; Eagle* at ¶ 11. "[W]hen an appellate court is presented with purely legal questions, the standard of review to be applied is de novo." *Eagle* at ¶ 11, citing *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 81 Ohio App.3d 591, 602 (9th Dist.1992). "Under the de novo standard of review, an appellate court does not give deference to a trial court's decision." *Eagle* at ¶ 11, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721 (9th Dist.2001).

**{¶8}** "Ohio's public policy encourages arbitration as a method to settle disputes." *Eagle* at ¶ 14, citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711-712 (1992). Accordingly, there exists a presumption in favor of arbitration when the disputed issue falls within the scope of the arbitration agreement. *Eagle* at ¶ 14, citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471 (1998). Arbitration agreements are "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A); *Eagle* at ¶ 16.

**{¶9}** Here, the trial court compelled arbitration after determining the arbitration clause was not unconscionable. Although some contracts may ostensibly provide for arbitration, "[a]n unconscionable provision is clearly unenforceable." *Eagle* at ¶ 29. Unconscionability consists of two separate concepts: (1) unfair and unreasonable contract terms, i.e., substantive

unconscionability; and (2) "an absence of meaningful choice on the part of one of the parties[,]" i.e., procedural unconscionability. (Internal quotations and citation omitted.) *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 34; *Eagle* at ¶ 30. The party asserting unconscionability of a contract bears the burden of proving "'a quantum' of both procedural and substantive unconscionability." *Taylor Bldg. Corp. of Am.* at ¶ 53.

{¶10} Although the trial court used an unconscionability analysis in concluding the arbitration clause was enforceable, the Lavelles maintain that they did not allege that the clause was unenforceable due to *unconscionabilit*y. Instead, they maintained that the arbitration clause was unenforceable because it contained a "loser-pays" provision contrary to the *public policy* as expressed in the CSPA, R.C. Chapter 1345.

{¶11} The CSPA "is a remedial statute designed to compensate for traditional consumer remedies." *Eagle*, 157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 24. "R.C. Chapter 1345 does not expressly preclude arbitration clauses in consumer sales contracts." *Eagle* at ¶ 27, citing *Vincent v. Neyer*, 139 Ohio App.3d 848, 852 (10th Dist.2000). However, the Lavelles maintain that the "loser-pays" provision contained within the arbitration clause is contrary to R.C. 1345.09(F). R.C. 1345.09(F) provides that "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed and limited pursuant to section 1345.092 of the Revised Code, *if either of the following apply*: (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith; (2) The supplier has knowingly committed an act or practice that violates this chapter." (Emphasis added.) Unlike R.C. 1345.09(F), under the terms of the arbitration clause, the prevailing party is permitted to recover attorney fees irrespective of whether the consumer has filed an action that is groundless or made in bad faith

or the supplier has knowingly committed an act that violates the CSPA. Accordingly, the Lavelles argued that the arbitration clause violates the public policy concerns addressed by the CSPA because it would have a chilling effect on consumers filing actions. *See Eagle* at ¶ 27 (although the CSPA does not preclude arbitration clauses in consumer sales contract, "[i]t is important to safeguard the statute's remedial and deterrent functions in the arbitration context.")

**{¶12}** Based upon their position that the loser-pays provision undermines a public policy concern promoted by the CSPA, the Lavelles maintain that the arbitration provision is unenforceable on this basis alone. Essentially, the Lavelles maintain that the unenforceability of the arbitration clause on the basis of *public policy* is a distinct and separate rationale from that of unenforceability on the basis of *unconscionability*. In support, the Lavelles cite an Eighth District case, *Hedeen v. Autos Direct Online, Inc.*, 8th Dist. Cuyahoga No. 100582, 2014-Ohio-4200, for the proposition that, where an arbitration clause in a contract contains a loser-pays provision in conflict with R.C. 1345.09(F), the arbitration clause is unenforceable in an action brought under the CSPA. *But see DeVito v. Autos Direct Online, Inc.*, 8th Dist. Cuyahoga No. 100831, 2015-Ohio-3336.

**{¶13}** In concluding that a violation of public policy in a provision contained in the arbitration clause rendered the arbitration clause unenforceable, *Hedeen* relied on this Court's decision in *Eagle*. In *Eagle* at ¶ 63, we stated: "A refusal to enforce a contract on the grounds of public policy may be distinguished from a finding of unconscionability. Rather than focus on the relationship between the parties and the effect of the agreement upon them, public policy analysis requires the court to consider the impact of such arrangements upon society as a whole." *See also Hedeen* at ¶ 44. We further stated that "[w]hen an arbitration clause vanquishes the

remedial purpose of a statute by imposing arbitration costs and preventing actions from being brought by consumers, the arbitration clause should be held unenforceable." *Eagle* at ¶ 68.

**{¶14}** However, after *Eagle*, this Court explained that *Eagle* did not stand for the proposition that, a party challenging the enforceability of an arbitration clause need only establish that a provision in the arbitration clause inhibits the remedial nature of the CSPA. *Bozich v. Kozusko*, 9th Dist. Lorain No. 09CA009604, 2009-Ohio-6908, ¶ 14-15. We explained that, in *Eagle*, this Court determined "that the rules governing arbitration in that case violated public policy and directly hindered the consumer protections afforded by the CSPA." *Bozich* at ¶ 15, citing *Eagle*, 157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 61-74. "Consequently, we held [in *Eagle*] that the arbitration provision *was substantively unconscionable* based on the arbitration rules it employed." (Emphasis added.) *Bozich* at ¶ 15, citing *Eagle* at ¶ 74. Further, "[b]ased on other evidence in [the *Eagle*] case, we concluded that the arbitration clause, as applied to *Eagle*, *was procedurally unconscionable as well*." (Emphasis added.) *Bozich* at ¶ 15, citing *Eagle* at ¶ 52-60. Accordingly, we concluded that the Boziches had attempted to "blur[] the discrete rationale underlying procedural and substantive unconscionability as set forth in *Eagle* to suggest that, where an arbitration provision contravenes the public policy goals implicit in the CSPA and is determined to be substantively unconscionable, that alone would render the arbitration provision unenforceable." *Bozich* at ¶ 15. We determined that "[s]uch is not the case[,]" and a quantum of both substantive and procedural unconscionability must be demonstrated. *See id.*

**{¶15}** Although the parties' dispute on appeal here centers on whether this Court should follow the holding of the Eighth District in *Hedeen*, 2014-Ohio-4200, the Lavelles have not advanced an argument that this Court depart from our holding in *Bozich*. Further, the Lavelles have not advanced an argument below, or on appeal, demonstrating a "quantum" of procedural

unconscionability in agreeing to arbitrate the parties' disputes. *See Bozich* at ¶ 15. Accordingly, based upon the arguments advanced on appeal, we cannot say that the trial court erred in enforcing the arbitration clause and compelling arbitration. *See Taylor Bldg. Corp. of Am.*, 117 Ohio St.3d 352, 2008-Ohio-938, at ¶ 53*; see also Fortune v. Castle Nursing Homes, Inc.*, 164 Ohio App.3d 689, 2005-Ohio-6195, ¶ 36 (5th Dist.). On this basis, the Lavelles' assignment of error is overruled.

### III.

{¶16} The judgment of the trial court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CARLA MOORE
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶17} I respectfully dissent. The trial court did not address whether the "loser-pays" provision in the arbitration clause was unenforceable on public policy grounds. The Eighth District has struck down this provision twice as being in violation of public policy. *Hedeen v. Autos Direct Online, Inc*., 8th Dist. Cuyahoga No. 100582, 2014-Ohio-4200 (arbitration provision declared unenforceable and proceedings not stayed for arbitration.); *DeVito v. Autos Direct Online, Inc*., 8th Dist. Cuyahoga No. 100831, 2015-Ohio-3336 ("loser-pays" provision excised as unenforceable.). However, this issue has not been placed squarely before us at this time. I would remand to the trial court to look at the public policy argument in the first instance.

APPEARANCES:

CHRISTOPHER O'CONNELL, Attorney at Law, for Appellants.

E. MARK YOUNG and RUSSELL R. O'ROURKE, Attorneys at Law, for Appellee.