[Cite as *Khan v. Taylor Cadillac, Inc.*, 2017-Ohio-8120.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Fawad Z. Khan

    Appellant

v.

Taylor Cadillac, Inc., et al.

    Appellees

Court of Appeals No. L-17-1049

Trial Court No. CI0201601844


**DECISION AND JUDGMENT**

Decided: October 6, 2017

* * * * *

Gregory S. Reichenbach and Karla Gilbride, for appellant.

Peter A. Demczuk, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 2, 2017 judgment of the Lucas County Court of Common Pleas, Ohio, granting appellees' motion to compel arbitration of the underlying dispute.

{¶ 2} On March 9, 2017, appellant, Fawad Z. Khan, filed suit against Taylor Cadillac, Inc., Taylor salesman Lance Self, and Capital One Auto Finance ("appellees"). The complaint alleged that on January 23, 2016, Self and other Taylor employees engaged in unlawful conduct in order to improperly induce Khan to purchase a new Kia motor vehicle.

{¶ 3} On September 15, 2016, appellees filed a motion to dismiss for lack of subject-matter jurisdiction and to compel arbitration pursuant to an arbitration clause incorporated in the subject purchase agreement documentation which was executed by the parties in the course of appellant's new car purchase.

{¶ 4} In support of the motion, appellees provided an affidavit from Taylor's finance manager, Eric Woods, the controlling agreement mandating arbitration of the matter, and the rest of the transaction documents executed by appellant.

{¶ 5} In appellant's brief in opposition to the motion to compel arbitration, he asserted that the arbitration agreement was procedurally and substantively unconscionable. On January 31, 2017, the trial court ruled that appellant did not present evidence necessitating a jury trial or negating the enforceability of the arbitration clause. Accordingly, appellees' motion to compel arbitration was granted. This appeal ensued.

{¶ 6} On appeal, appellant, Fawad Z. Khan, sets forth the following three assignments of error:

> I. The trial court erred by granting Defendants-Appellees Taylor Cadillac, Inc., and Lance Self's ("Taylor Defendants") motion to compel

2.

arbitration despite the substantial evidence of procedural and substantive unconscionability submitted by Plaintiff-Appellant Khan.

II. The trial court erred by treating Plaintiff's Single Document Rule and lack of integration arguments as related to the merits of his Ohio Consumers Sales Practices Act claims, rather than as a separate challenge to the making of the arbitration agreement.

III. The trial court erred by failing to hold a jury trial pursuant to R.C. 2711.03(B) when Mr. Khan explicitly requested a jury trial, to be held at the conclusion of discovery, and where his evidence of unconscionability and arguments on the Single Document Rule placed the making and enforceability of the agreement to arbitrate as issue.

{¶ 7} The following undisputed facts are relevant to this appeal. On January 23, 2016, appellant and his work colleague and friend, Javhon Mays, went to Taylor Cadillac in Toledo to meet with Self, a new car salesman, in order to explore the purchase of a new vehicle for Khan.

{¶ 8} Khan requested that Mays accompany him to the dealership in order to advise and assist him. In addition, Mays had previously done business with Self and had purchased a car through Self.

{¶ 9} During the preliminary discussions between the parties, Khan conveyed to Self that he had a limited budget. Given the budget constraint, Self suggested that Khan test-drive a budget-friendly Kia Rio. Following the test drive and discussions with Self,

3.

Khan continued to ponder whether or not to proceed with the potential new Kia vehicle purchase.

{¶ 10} Khan and Mays spent considerable time at the dealership, mulling the potential pros and cons of the Kia purchase. Khan and Mays both articulated and presented substantive questions to Self to discuss areas of concern regarding the potential car purchase.

{¶ 11} Subsequently, the dealership finance manager presented Khan with the vehicle purchase documents, explained the documents, answered questions, and allowed Khan to take the documents home for further review and consideration prior to making a decision about the proposed new car purchase.

{¶ 12} After having availed himself of this opportunity to take the purchase documentation home overnight for further consideration, Khan returned the following day, signed the documents, and bought a new Kia Rio.

{¶ 13} In the first assignment of error, appellant maintains that the trial court erred when it granted the motion to compel arbitration. In support, Khan claims that there is convincing evidence that the agreement mandating arbitration of disputes is unconscionable. We do not concur.

{¶ 14} We note that this case is governed by the de novo standard of review. In cases of alleged arbitration clause unconscionability, an appeals court must grant deference to the disputed trial court determination. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2000-Ohio-938, 884 N.E.2d 12, ¶ 38.

4.

**{¶ 15}** In conjunction with the above, it is well-established that when a dispute falls within the purview of an underlying arbitration agreement, there is a strong presumption in favor of arbitration. *Conte v. Blossom Homes L.L.C.*, 8th Dist. Cuyahoga No. 103751, 2016-7480 at ¶ 13.

**{¶ 16}** According to R.C. 2711.01(A), an arbitration agreement is deemed to be valid and enforceable unless there are grounds, either in law or equity, which would enable the court to revoke the agreement. In order to revoke an agreement, a plaintiff must prove that the agreement was *both* procedurally and substantially unconscionable. (Emphasis added). *Lavelle v. Henderson*, 9th Dist. Summit No. 27921, 2016-Ohio-5313, ¶ 8.

**{¶ 17}** A court must weigh various factors in order to ascertain whether an arbitration agreement is procedurally unconscionable. These factors include the age, education, intelligence, business skills, and overall experience of the parties involved. *Taylor Bldg.* at ¶ 43. Additional factors include who drafted the contract and whether the printed terms could be eliminated, altered, or negotiated. *Id.*

**{¶ 18}** Khan claims that he did not notice the arbitration language in the documents. He further asserts that even if he had noticed the arbitration language, he would not be able to understand what it meant, nor what rights he was giving up. The record of evidence belies these claims.

**{¶ 19}** Khan's claims are rooted in the unilateral assertion that Khan was "mentally exhausted" when the documents were presented and explained to him and that

5.

he is not adequately sophisticated to be bound by the express terms of the agreement which he negotiated and considered for several days prior to his voluntary return to the dealership and execution of the purchase documents.

{¶ 20} Contrary to these claims, the record shows that when Khan and Mays went to the dealership, they engaged in substantive negotiations with Self. Khan emphasized his budget constraints to Self. In turn, Self recommended a budget-friendly Kia Rio. Self advised Khan that the payment for the Kia Rio would be $275 per month. In response, Khan rejected that price point.

{¶ 21} Self next inquired whether Khan would purchase the car if the price could be lowered. Khan replied that he would consider it. After working on lowering the monthly payment amount with his supervisor, Self returned and informed Khan that he could offer a purchase of the new car with a bottom line best deal of a $220 monthly payment.

{¶ 22} Khan, Mays, and Self then proceeded to the finance manager's office to obtain and review all of the purchase agreement documents. Khan remained non-committal on the proposed purchase, contrary to suggestions that he was rushed, coerced, and somehow treated unlawfully in the course of this transaction.

{¶ 23} Khan and Mays did not buy the vehicle, they left the dealership and went home with the unsigned documents in order to further review and consider whether or not to proceed with the car purchase. They returned the following day of their own accord and Khan signed the documents and completed the car purchase.

6.

{¶ 24} The record does not reflect coercion or duress against Khan in the eventual signing of the purchase agreement paperwork, including the arbitration agreement. On the contrary, the record reflects that Khan ably negotiated the price of the car, was accompanied by a past customer of appellees, and was furnished another day to review and mull over the paperwork before making a decision.

{¶ 25} Further, the record contains no evidence that the arbitration agreement was hidden in "a maze of fine print." *Zilbert v. Proficio Mortg. Ventures, L.L.C.*, 8th Dist. Cuyahoga No. 100299, 2014-Ohio-1838 at ¶ 45.

{¶ 26} The record reflects that Khan is 48 years of age, has taken college courses, and was accompanied by a colleague and friend who had prior dealings with appellees to assist in the transaction. The record does not reflect that appellees engaged in any unlawful conduct in this matter.

{¶ 27} We find that the record is devoid of evidence of procedural unconscionability. As such, the remaining issue of substantive unconscionability is moot. Wherefore, we find appellant's first assignment of error to be not well-taken.

{¶ 28} In the second assignment of error, Khan similarly asserts that the trial court erred in connection to the Ohio Consumers Sales Practice Act. We do not concur.

{¶ 29} In support, Khan maintains that since the arbitration agreement should be considered a separate document, in violation of the "single document rule" of the Retail Installment Act and the Ohio Consumers Sales Practice Act.

7.

{¶ 30} Conversely, the record reflects that the arbitration agreement was properly incorporated into the buyer's order and the retail installment sale's contract. The record reflects that the single document rule was not violated. Wherefore, we find appellant's second assignment of error to be not well-taken.

{¶ 31} In the final assignment of error, Khan asserts that the trial court erred by not ordering a jury trial in this case. We do not concur.

{¶ 32} It is well-established that, "[W]hen determining whether a trial is necessary under R.C. 2711.03, the relevant inquiry is whether a party has presented sufficient evidence challenging the validity or enforceability [or applicability] of the arbitration provision to require the trial court to proceed to trial before refusing to enforce arbitration clause." *Liese v. Kent State Univ.*, 11th Dist. Portage No. 2003-P-0033, 2004-Ohio-5322, ¶ 39.

{¶ 33} As stated above, the record is wholly devoid of evidence negating the validity or enforceability of the arbitration agreement. As such, the motion to compel arbitration was properly granted.

{¶ 34} In addition, the buyer's order, which Khan reviewed and considered overnight before executing the document, included a clause that waived a jury trial for all claims. Based upon the foregoing, we find appellant's final assignment of error to be not well-taken.

8.

**{¶ 35}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, the costs of this appeal are assessed to appellant.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

9.