[Cite as *Internatl. Culture & Trade Complex, Inc. v. Drenik*, 2014-Ohio-713.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| International Culture & Trade Complex, Inc., | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | | No. 13AP-596 |
| | : | (C.P.C. No. 10CVH02-2918) |
| Gary Drenik et al., | | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | | |
| | : | |
| Prosper International, Ltd., | : | |
| | | |
| Petitioner-Appellee, | : | |
| | : | |
| v. | | No. 13AP-597 |
| | : | (C.P.C. No. 10CVH09-13963) |
| International Culture & Trade Complex, Inc., | : | (REGULAR CALENDAR) |
| | | |
| Respondent-Appellee, | : | |
| | | |
| (Prosper Business Development Corp. et al., | : | |
| | : | |
| Appellants). | : | |
| | : | |

D E C I S I O N

Rendered on February 27, 2014

*James E. Arnold & Associates, LPA, James E. Arnold, Gerhardt A. Gosnell, II* and *Damion M. Clifford*, for appellants.

*Cooper & Elliott, LLC, Rex H. Elliott, Charles H. Cooper, Jr., Bradley A. Strickling* and *Barton R. Keyes*, for appellees International Culture & Trade Complex, Inc. and Dr. Joseph Pilotta.

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}   Appellants, Gary Drenik, Phil Rist, and Prosper International Ltd., appeal the judgment of the Franklin County Court of Common Pleas which confirmed an award issued in arbitration on December 17, 2012.  For the following reasons, we affirm the judgment of the trial court.

{¶ 2}   Appellants bring two assignments of error for our consideration:

I. The Trial Court abused its discretion when it *sua sponte* modified the Arbitration Award by entering Final Judgment in favor of Dr. Joseph Pilotta *and* International Culture and Trade Complex Inc.

II. The Trial Court abused its discretion in confirming the Arbitration Award in favor of Dr. Pilotta on a claim that he never submitted to the Arbitrator.

{¶ 3}   This case involves three men and their various business entities that sought to engage in international trade arrangements with businesses in China.  A focus on the relevant facts is necessary to understand the limited scope of this appeal, but we are in agreement with the trial court that arbitrator Robert G. Stachler's explanation of events in his 32-page decision is very thorough.

{¶ 4}   Appellants, Gary Drenik and Phil Rist, each own one-half of Prosper Business Development Corporation ("Prosper Business").  Appellee, Dr. Joseph Pilotta, owns International Culture and Trade Complex Inc. ("ICTC").  Mr. Drenik, Mr. Rist and Dr. Pilotta, through ICTC, formed Prosper International, Ltd. ("International") to broker relationships between United States and international companies.  Prosper Business served as the management company of International.  The dispute between the parties revolves around Dr. Pilotta and ICTC leaving International and whether there was misconduct, breach of fiduciary duties, or loss of business opportunities that resulted from the falling out of these three men.

{¶ 5}   The arbitrator ruled that ICTC breached its fiduciary duty and contract and that Dr.  Pilotta breached his fiduciary duty, fraudulently misrepresented and tortuously

interfered with business relationships. The arbitrator awarded damages in the amount of $810,000 to be paid by Dr. Pilotta and ICTC to International.

{¶ 6} The arbitrator also found that Prosper Business and its owners Mr. Drenik and Mr. Rist caused damages to Dr. Pilotta in the amended amount of $1,087,385 by not sharing the financial proceeds of the Marketstar settlement. The Marketstar settlement was the result of a separate arbitration that awarded damages to International for actions during a time when Dr. Pilotta was still a one-third member. The initial award of $1,308,738.20 was quickly amended by the arbitrator due to a calculation error.

{¶ 7} Appellants argue that the trial court abused its discretion in confirming the arbitration award. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "Abuse of discretion" implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. *Pembaur v. Leis*, 1 Ohio St.3d 89 (1982); *In re Ghali*, 83 Ohio App.3d 460 (10th Dist.1992). More recently, in a case involving many of the same parties, we reiterated that an abuse of discretion standard is used to review a trial court's confirmation of an arbitration award. *BIGResearch, L.L.C. v. PENN, L.L.C.*, 10th Dist. No. 11AP-855, 2012-Ohio-2992, ¶ 24.

{¶ 8} The arbitration system of dispute resolution can only be ensured through judicial restraint and a reviewing court must give due respect to an arbitrator's award. *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 52 Ohio St.3d 174, 178 (1990). " 'It is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.' " *Bd. of Edn. of the Findlay City School Dist. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129, 131 (1990), quoting *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 84 (1986).

{¶ 9} Appellant's first assignment of error argues that the trial court abused its discretion when it sua sponte modified the arbitration award by entering the final judgment for not just Dr. Pilotta but for ICTC as well. They argue appellees never filed a motion to modify the award as required by R.C. 2711.11 and 2711.13. We do not find the trial court abused its discretion as it was not modifying the award.

{¶ 10} Appellant argues that Dr. Pilotta is the only person identified as the recipient of the award for the Marketstar settlement. Paragraph 2 of the arbitrator's Operative Provisions of the award states:

> The claim of Respondents and Counter Claimants ICTC and Dr. Joseph Pilotta for Gary Drenik, Phil Rist and Prosper Business Development Corp. (PBDC) breach of fiduciary duty in not sharing any portion of the ultimate settlement of the Marketstar arbitration with Dr. Pilotta is granted and Dr. Pilotta is awarded damages in the amount of [$1,087,385 (arbitrator's amended amount)] to be paid jointly and severally by Drenik, Rist and PBDC.

(R. 88, Arbitrator's Final Award, at 30.) The trial court stated in its final judgment:

> The Arbitrator found in favor of plaintiff International Culture & Trade Complex, Inc. ("ICTC") and Joseph Pilotta on their claims for breach of fiduciary duty against defendants Gary Drenik, Phil Rist, and Prosper Business Development Corporation ("PBDC"). The Arbitrator awarded $1,087,385 on these claims jointly severally against Drenik, Rist, and PBDC.

(R. 114 Court of Common Pleas Final Judgment, at 1-2.) Appellants argue that this amounts to a modification of the arbitration award as the intent of the arbitrator could only be in favor of Dr. Pilotta.

{¶ 11} The trial court did not modify the award. The trial court does not actually state that the Marketstar settlement is due to ICTC. The court simply states that ICTC and Dr. Pilotta prevailed in their claim of a breach of fiduciary duty against appellants and that $1,087,385 is awarded jointly and severally against appellants Mr. Drenik, Mr. Rist, and PBDC. Nothing in the trial court's final judgment of June 14, 2013 or its Journal Entry and Decision of May 29, 2013 indicates that the arbitrator awarded any part of the $1,087,385 to ICTC. The trial court did not sua sponte modify the arbitration award and could not have abused its discretion for that reason.

{¶ 12} The first assignment of error is overruled.

{¶ 13} Appellant's second assignment of error argues that the trial court abused its discretion in affirming an award in which the arbitrator exceeded his authority by

awarding $1,087,385 to Dr. Pilotta on a claim of breach of fiduciary duty that was never submitted to the arbitrator. We agree with the trial court that the arbitrator did not exceed his authority.

{¶ 14} This issue was addressed by the trial court which found that the arbitrator could issue awards in favor of Dr. Pilotta. "[T]he parties stipulated before Arbitrator Stachler to have him hear and decide *ALL* issues even if they were on the margins of the four-corners of the their basic arbitration agreement." (Emphasis sic.) (R. 107, Journal Entry and Decision, at 5.)

{¶ 15} The trial court relied on several factors in this determination. First, appellants conceded that "the parties agreed to arbitrate several claims asserted by Pilotta as well as International 's claims against Pilotta." (R. 101, Memorandum filed April 19, 2013, at 3.) The trial court also stated that appellants conceded that appellees raised Dr. Pilotta's claim before the arbitration hearing ended in a confidential proposed findings of fact and conclusions of law. The trial court also noted that the arbitrator carefully received explicit assurance that he could hear all issues regardless of how or when ICTC's relationship with Dr. Pilotta terminated. The assurances that were received were as follows:

> [THE ARBITRATOR]: First of all, I'm going to ask you, so there's no misunderstanding, that with respect to the claimant, it includes Prosper International, Prosper Business, BIGresearch, Gary Drenik, and Phil Rist. They would be subject to the outcome of this arbitration. I don't want somebody to say, well, they weren't part of the arbitration agreement.
>
> MR. PRICE: No. Nobody is claiming that, Your Honor.
>
> THE ARBITRATOR: I just want to clarify that.
>
> Now with, with respect to the respondents, Joe Pilotta, International Trade & Culture Complex, Inc. are bound by the outcome of this arbitration agreement. In other words, you're not taking the position, well, they weren't parties to the arbitration provision. None of that. I don't want to be faced with that at the end of this case.

> MR. KEYES: That's correct, Mr. Stachler. We are not suggesting that either Dr. Pilotta or ICTC are not subject to the arbitration provision.

(R. 105 , Arbitration Proceedings, October 2, 2012, at 1241-42.)

{¶ 16} The trial court concluded that, by agreeing to put forth disputes not necessarily covered by the arbitration agreement and conducting the arbitration in an informal manner, it is disingenuous to claim the arbitrator decided too much:

> By agreeing to arbitrate disputes that might not otherwise have been covered, and then conducting the arbitration in an informal manner in which each side's proposed findings and conclusions were apparently not known to the other, the parties put themselves in some jeopardy of the arbitrator doing exactly what occurred here. No party can be heard to complain – after learning the outcome of the arbitration – that things proceeded too informally or that the Arbitrator decided too much.

(R. 107, Journal Entry and Decision, at 5.)

{¶ 17} There is further evidence to support the trial court's conclusion. Both ICTC and Dr. Pilotta are listed as claimants in their statement of claims and they list their claims, including count one: breach of fiduciary duty against appellants as harming them. (R. 104, ICTC and Dr. Pilotta's Statement of Claims, at 1, 10.) This can only indicate that both Dr. Pilotta and ICTC are claiming they were harmed by appellants. Further, appellants themselves moved to add Dr. Pilotta as a party to the arbitration after the arbitrator amended the final award.

{¶ 18} Appellant points to a chart that was submitted to the arbitrator to illustrate the parties' claims and counterclaims. (R. 102.) This chart only lists ICTC as the counterclaimant (appellees were listed as counterclaimants in arbitration) to bring a breach of fiduciary duty, but the chart does not indicate that it set the bounds of the arbitrator's jurisdiction. The same chart is used again to highlight the elimination of certain counterclaims of appellees by submitting the same chart as before with the removed counterclaims crossed out. Those eliminated counterclaims of appellee were,

however, specifically spelled out in the notice to the arbitrator, to which the chart was attached as an example, and did not include a breach of fiduciary duty counterclaim brought by Dr. Pilotta. (Appellant's Appendix, exhibit D.) This chart's various versions, which appellants rely on heavily, can be easily interpreted as illuminating the various claims and not as rigidly setting the boundaries of what claims are under the arbitrator's jurisdiction. It is not an abuse of discretion to rely on the statement of claims, rather than a chart used as an example to illuminate those claims. We find generally that the formal statement of claims is controlling, not an exhibit generated to illustrate that document.

{¶ 19} Having reviewed the record, we find that the trial court did not abuse its discretion in finding that the arbitrator did not exceed his authority in issuing an award to Dr. Pilotta on a claim of breach of fiduciary duty brought by ICTC and Dr. Pilotta.

{¶ 20} The second assignment of error is overruled.

{¶ 21} Having overruled both assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and CONNOR, J., concur.

_____