[Cite as *Premier Homes, Inc. v. Hanna Commercial, L.L.C.*, 2019-Ohio-1336.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| PREMIER HOMES, INC., ET AL. | JUDGES: |
| | Hon. William B. Hoffman, P.J |
| Plaintiffs | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018CA00108 |
| HANNA COMMERCIAL, LLC, ET AL. | |
| | |
| Defendants-Cross-Claim | O P I N IO N |
| Defendants-Appellants | |
| | |
| and | |
| | |
| LAURI M. WEINFELD LIVING TRUST, | |
| LAURI M. WEINFELD AND | |
| IRWIN J. WEINFELD, M.D, AS | |
| CO-TRUSTEES, ET AL. | |
| | |
| Defendants-Cross-Claim | |
| Plaintiffs-Appellees | |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Case No. 2016CV00019 |
| | |
| JUDGMENT: | Reversed and Remanded |
| | |
| DATE OF JUDGMENT ENTRY: | April 8, 2019 |


| | |
|---|---|
| For Cross-Claim Defendants-Appellants | For Cross-Claim Plaintiffs-Appellees |
| | |
| MICHAEL S. GRUBER | SCOTT M. ZURAKOWSKI |
| JASON N. BING | JOSEPH J. PASQUARELLA |
| 6370 Mt. Pleasant Street, NW | 4775 Munson Street, NW |
| North Canton, Ohio  44720 | P.O. Box 36963 |
| | Canton, Ohio  44735-6963 |
| KARL H. SCHNEIDER | |
| 21 East State Street, Suite 1700 | |
| Columbus, Ohio  43215 | |

*Hoffman, P.J.*

**{¶1}** Appellants, Hanna Commercial, LLC, Chartwell Auctions, LLC, Joel D. Dutton, Jared E. Dutton, and Jack C. Davis (hereinafter "Chartwell parties"), appeal the judgment entered by the Stark County Common Pleas Court denying their motion to stay the claims against them pending arbitration. Appellees are Lauri M. Weinfeld Living Trust, Lauri M. Weinfeld and Irwin J. Weinfeld, M.D., as co-trustees and individually, and Dee Mar Lake Properties, LLC, (hereinafter "Weinfeld parties")

STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 11, 2015, the Chartwell parties and the Weinfeld parties entered into an auction agreement whereby the Weinfeld parties hired the Chartwell parteis to auction off their real property consisting of a home and a banquet center. The auction agreement included an arbitration provision in the event of a dispute arising from the agreement. The auction bids were accepted using a multi-parcel method. First the properties were offered separately, then they were offered together. The home was sold first separately to the plaintiffs, Premier Homes, Inc., Johannes Schlabach, and Rebecca Gingerich, and the banquet center was subsequently sold separately to another party, who did not go through with the purchase of the banquet center. As a result, the Chartwell parties re-auctioned and resold both properties to Leo and Carol Soehnlen, even though the home had already been purchased by the plaintiffs. A dispute arose over the true ownership of the properties.

**{¶3}** On January 5, 2016, the plaintiffs filed a complaint against several of the Chartwell parties and Weinfeld parties seeking specific performance. Amended complaints were filed on April 14, and June 6, 2016, to include all of the named Chartwell parties and Weinfeld parties. Plaintiffs asserted claims for specific performance or in the

alternative, breach of contract, promissory estoppel, negligent misrepresentation, violations of R.C. Chapter 4707 governing auctioneers, and intentional interference with contractual or prospective contractual relationships.

{¶4} The Weinfeld parties filed a cross-claim against the Chartwell parties, with the exception of Appellant Davis, for indemnification and/or contribution. The Chartwell parties filed a motion to stay the cross-claim pending arbitration pursuant to the arbitration provision in the auction agreement and R.C. 2711.02(B) on April 27, 2016.

{¶5} The arbitration provision in the agreement provides:

In the event a dispute arises concerning this contract and/or the performance of Owner(s) or Auctioneer/Broker arising out of or in any way related to this contract or any of their acts or performances in connection therewith, the dispute shall be submitted to binding arbitration pursuant to the rules of the American Arbitration Association or similar arbitration organization. By agreeing to arbitration, all parties waive their right to court or jury trial. The party first filing shall have the right to select the arbitration or are waived. The arbitration will be administered by the arbitration association and will include the use of its arbitrators. The arbitrators shall have actual experience with the auction of the type of property being sold pursuant to this contract. All issues of the arbitration shall be determined by the arbitrator. All costs and/or fees of the arbitration shall be equally divided among all parties and all parties shall be responsible for the paying [of] their own attorney's fees. All incidental, consequential, or punitive damages of any type or nature are hereby waived by all parties to this

contract. Any and all disputes, whether by arbitration or otherwise, shall be venued, heard and decided in Cuyahoga County, Ohio.

{¶6} On May 16, 2016, the Weinfeld parties filed an amended cross-claim against the Chartwell parties, adding claims for breach of contract, breach of good faith, fraudulent inducement/misrepresentation, violations of R.C. Chapters 4707 and 4735, breach of common law fiduciary duty, professional negligence, negligent misrepresentation, and promissory estoppel. In addition, the Weinfeld parties filed a third-party complaint against Appellant Davis for the identical claims, and a third-party complaint against the Soehnlens for declaratory judgment.

{¶7} On May 23, 2016, the plaintiffs filed a motion to bifurcate the trial, separating their specific performance claim from their other legal causes of action. Plaintiffs also filed a memorandum in opposition to the Chartwell parties' motion to stay the Weinfeld parties' cross-claim pending arbitration.

{¶8} The Soehnlens filed a counterclaim against the Weinfeld parties alleging specific performance, breach of contract, abuse of process, frivolous complaint, and respondent superior. Also, the Soehnlens filed a cross-claim against Plaintiffs alleging statute of frauds, abuse of process, and frivolous complaint, and included a negligence claim against the Chartwell parties.

{¶9} On October 7, 2016, Appellant Davis filed a motion to stay the Weinfeld parties' third-party claims against him pending arbitration pursuant to the arbitration provision in the auction agreement and R.C. 2711.02(B). The Weinfeld parties filed a

memorandum in opposition to the Chartwell parties' motion to stay their cross-claim pending arbitration.

{¶10} On October 27, and 28, 2016, the trial court held a bench trial concerning the specific performance claims of Plaintiffs and the Soehnlens. All parties were present. By findings of fact and conclusions of law filed January 9, 2017, the trial court denied both claims for specific performance, finding the auction "was conducted with mistake and patent unfairness" and therefore requiring the Weinfeld parties to perform any sales contract "would be unconscionable."

{¶11} On June 26, 2017, the trial court denied the Chartwell parties' motions to stay the proceedings pending arbitration. The Chartwell parties filed a notice of appeal of this decision on July 20, 2017. Thereafter, Plaintiffs dismissed all of their claims against the Chartwell parties and the Weinfeld parties with prejudice, and the Soehnlens dismissed their cross-claims against Plaintiffs without prejudice. The Soehlens' counterclaim against the Weinfeld parties was disposed of via a partial dismissal filed August 30, 2017, and a decision on summary judgment filed November 16, 2017. As a result, Plaintiffs and the Soehnlens are not parties to the instant appeal.

{¶12} By decision filed March 20, 2018, this Court found we could not determine the reason the trial court denied the stay pending arbitration, and remanded the instant action to the trial court to enter a new judgment with specific reasoning. *Premier Homes, Inc. v. Hanna Commercial, LLC,* 5th Dist. Stark No. 2017CA00135, 2018-Ohio-1126.

{¶13} On remand, the trial court found the arbitration clause in the auction agreement violates public policy. The court found the arbitration clause circumvents the Weinfeld parties' statutory causes of action and related remedies as set forth in R.C.

4707.23(B) and R.C. 4707.261.  The court further found arbitration would equate to a waiver of Chartwell parties' liability for breach of fiduciary duties.  Judgment Entry, July 6, 2018.

{¶14}  It is from the July 6, 2018 judgment of the trial court the Chartwell parties prosecute their appeal, assigning as error:

THE TRIAL COURT ERRED IN DENYING THE HANNA PARTIES' MOTION(S) TO STAY THE WEINFELD PARTIES' CROSS-CLAIM AND THIRD PARTY COMPLAINT AGAINST THE HANNA PARTIES PENDING ARBITRATION PURSUANT TO THE VALID AND ENFORCEABLE ARBITRATION PROVISION IN THE AGREEMENT.

{¶15}  The Chartwell parties argue the trial court erred in finding the arbitration clause void as against public policy.

{¶16}  "When addressing whether a trial court has properly granted motions to stay proceedings and compel arbitration, the standard of review is abuse of discretion." *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004–Ohio–829, ¶ 10 (9th Dist. Summit), citing *Carter Steel & Fabricating Co. v. Danis Bldg. Constr. Co.,* 126 Ohio App.3d 251, 254–255 (3d Dist. Logan 1998). However, at issue in the case sub judice is the enforceability of the arbitration clause as a matter of public policy, which is a question of law. *See Murray v. David Moore Builders, Inc.,* 9th Dist. Summit No. 23257, 2006–Ohio–6751, ¶ 8; *Eagle* at ¶ 11. "[W]hen an appellate court is presented with purely legal questions, the standard of review to be applied is de novo." *Eagle* at ¶ 11.

**{¶17}** Ohio's public policy encourages the use of arbitration to settle disputes. *Eagle* at ¶ 14, citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711–712 (1992). Accordingly, there exists a presumption in favor of arbitration when the disputed issue falls within the scope of the arbitration agreement. *Eagle* at ¶ 14, *citing Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 471 (1998). Arbitration agreements are "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A); *Eagle* at ¶ 16.

**{¶18}** Although on remand the trial court specifically found the agreement violated public policy, the Weinfeld parties argue because Chartwell Auctions, LLC and Hanna Commercial Real Estate did not sign the agreement and the agreement was not validly executed pursuant to instructions set forth in a letter from the Ohio Department of Agriculture, the Chartwell parties cannot compel arbitration in this matter. The Weinfeld parties did not raise this argument in their brief in opposition to the motion to stay in the trial court. A litigant who has the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal. *The Strip Delaware, LLC v. Landry's Restaurants, Inc.*, 5th Dist. Stark No. 2010CA00316, 2011–Ohio–4075, ¶41; *State Farm Mut. Auto. Ins. Co. v. Cheeks*, 5th Dist. Stark No. 2013CA00135, 2014-Ohio-410, ¶12.

**{¶19}** Further, in its January 9, 2017 judgment entry following trial on the equitable relief sought in the case, the trial court identified Appellants herein collectively as "Chartwell," and Appellees herein as "the Weinfelds." The court specifically found:

The Weinfelds and Chartwell entered into an "Exclusive Auction Agreement" effective November 11, 2015, which provided Chartwell the "exclusive right and authority" to sell the Tudor Home and Banquet Center on behalf of the Weinfelds at auction (the "Auction Agreement"). [Exh. A, ¶1]. The Weinfelds and Chartwell agreed this auction would be held on December 14, 2015 (the "Auction"). [Id. at ¶2]. The Auction Agreement was signed by Ms. Lauri Weinfeld and Jared Dutton as "auctioneer" on behalf of Chartwell.

**{¶20}** Judgment Entry, January 9, 2017, Finding of Fact 8

**{¶21}** This finding by the trial court was not appealed. Further, to enforce an arbitration clause it is only necessary the provision be in writing; a party's agreement to the provision need not be evidenced by the signature of the party to be charged. *Garcia v. Wayne Homes, LLC*, 2nd Dist. Clark No. 2001 CA 53, 2002-Ohio-1884, *8. For these reasons, we reject Appellees' argument.

**{¶22}** The trial court first found the arbitration provision violated public policy because it circumvents R.C. 4707.32(B) and R.C. 4707.261, which provide professional standards for auctioneers and a statutory right of action in favor of any person harmed by violation of the professional standards. The court found enforcement of the arbitration provision would deprive Appellees of their statutory cause of action. We disagree.

**{¶23}** A refusal to enforce a contract on the grounds of public policy is distinguished from a finding of unconscionability. *Eagle v. Fred Martin Motor Co.*, 9th Dist. No. 21522, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 63. Rather than

focusing on the relationship between the parties and the effect of the agreement upon them, public policy analysis requires the court to consider the impact of such arrangements upon society as a whole. *Id.*

**{¶24}** R.C. 4707.32(B) states in pertinent part:

A person who asserts that the person has been aggrieved by the actions of both an auction firm and a licensed auctioneer related to an auction that resulted in **actual and direct losses** to the aggrieved person **may file a cause of action with a court of competent jurisdiction** claiming that a violation of this chapter or rules adopted under it resulted in the actual and direct losses.

**{¶25}** Chapter 1345 of the Ohio Revised Code, the Consumer Sales Practices Act, is a remedial statute designed to provide remedies to protect consumers. Similarly, R.C. 4707.23(B) is a remedial statute designed to protect anyone aggrieved by the actions of an auctioneer or auction firm. In finding statutory claims under the Consumer Sales Practices Act may be arbitrated, the Court of Appeals for the Second District held as follows:

It is well settled that statutory claims may be the subject of an arbitration agreement. The Supreme Court has stated that "[h]aving made the bargain to arbitrate, the party should be held to it unless [the legislature] itself has evidenced an intention to preclude a waiver of judicial remedies

for the statutory rights at issue." Moreover, "so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function."

Nothing in R.C. Chapter 1345 reflects a policy that claims falling under it be enforced in court and not in arbitration or suggests that parties to a consumer transaction covered by the CSPA cannot agree to arbitrate such matters. Ohio courts have uniformly held that parties to a consumer transaction covered by the CSPA can agree to arbitrate such matters and that arbitration does not deprive the complainant of any remedies available under CSPA claims. Because Appellants are able to vindicate their statutory cause of action in the arbitral forum, the statute retains its deterrent effect. In the instant case, the parties bound themselves to settle any dispute arising from the contract through arbitration and did not except CSPA claims. Therefore, Appellants' CSPA claims are subject to arbitration per the parties' agreement.

**{¶26}** *Garcia, supra,* *14, citing *Parsley v. Terminix International Company, L.P.* (S.D. Ohio Sept. 15, 1998), Western Division App. No. C–3–97–394, unreported; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26; *Vincent v. Neyer*, 139 Ohio App.3d 848, 851, 745 N.E.2d 1127 (2000); *Smith v. Whitlatch & Co.*, 137 Ohio App.3d 682, 685, 739 N.E.2d 857 (2000); *Karamol v. Continental Estates,*

*Inc.*, Wood App. No. WD–00–012, unreported (September 22, 2000); *Stehli v. Action Custom Homes, Inc.*, Geauga App. No. 98–G–2198, unreported (Sept. 24, 1999).

**{¶27}** R.C. 4707.32(B) uses the permissive "may" file an action in court, not the mandatory "shall." Nothing in the statute mandates a claim brought pursuant to this section be brought exclusively before the court. Rather, as in the Consumer Sales Practices arena, the parties may agree to arbitrate matters governed by Revised Code Chapter 4707.

**{¶28}** We further find the arbitration clause does not preclude the Weinfeld parties from recovering damages allowed by R.C. 4707.32(B). R.C. 4707.32(B), as set forth above, allows for the recovery of actual and direct losses. While the arbitration clause herein precludes recovery of incidental, consequential or punitive damages, nothing in the arbitration agreement precludes recovery of damages for actual and direct losses, as allowed by statute.

**{¶29}** The court also found the arbitration provision violated public policy because it circumvented Appellees' rights pursuant to R.C. 4707.261, which provides:

A person who obtains a final judgment in a court of competent jurisdiction against a person licensed under this chapter, on the grounds of conduct by the licensee that is described in section 4707.15 of the Revised Code or that otherwise violates this chapter or rules adopted under it and that is associated with an act or transaction that only a licensee lawfully may perform, may file a verified application in a court of common pleas for an order directing payment from the auction recovery fund. The application

shall be accompanied by the judgment entry and may seek payment in an amount that is equal to the portion of the judgment that remains unpaid.

The application shall specify the nature of the act or transaction on which the underlying judgment was based, the activities of the applicant in pursuit of remedies available under the law for the collection of judgments, and the actual and direct losses sustained by the applicant. The applicant shall attach to the application a copy of each pleading and order in the underlying court action. In addition, the application shall include proof of the applicant's actual and direct loss.

Whenever possible, the court shall require all applicants and prospective applicants whose claims to the fund arose from an underlying judgment against the same licensee to be joined in one action under this section so that the rights of all applicants may be equitably adjudicated and settled.

**{¶30}** R.C. 2711.09 allows a party to confirm an arbitration award in a court of common pleas, thus reducing the award to judgment. We find such procedure is not in conflict with R.C. 4707.261 nor otherwise inconsistent with its availability to either party following confirmation of the arbitration award. The judgment has the same effect as a judgment in an action, and may be enforced as if rendered in an action in the court in which it is entered. R.C. 2711.14. Therefore, a party who has an arbitration award confirmed and reduced to judgment may participate in the auction recovery fund pursuant to R.C. 4707.261 in the same manner as a party who obtained a judgment in court. We

find the arbitration provision in this case does not violate public policy by circumventing Appellees' rights pursuant to R.C. 4707.261.

**{¶31}** The trial court also found the arbitration provision violates public policy because "enforcing the arbitration provision would equate to a waiver of Defendants' liability for any breach of fiduciary duties." Again, we disagree.

**{¶32}** The arbitration clause provides in pertinent part, "In the event a dispute arises concerning this contract **and/or the performance of Owner(s) or Auctioneer/Broker arising out of or in any way related to this contract or any of their acts or performances in connection therewith**, the dispute shall be submitted to binding arbitration" (emphasis added). Nothing in this clause suggests the Weinfeld parties' claim of breach of fiduciary duty could not be submitted to the arbitrator, as the arbitration applies to all disputes concerning the performance of the Chartwell parties in any way related to the contract. (*See, generally, Internatl. Culture & Trade Complex, Inc. v. Drenik,* 10th Dist. Franklin No. 13AP-596, 2014-Ohio-713, in which claims of breach of fiduciary duty were submitted to arbitration.)

**{¶33}** We find the court erred in denying a stay of the proceedings pending arbitration on the basis the arbitration provision violated public policy. The assignment of error is sustained.

The judgment of the Stark County Common Pleas Court is reversed and this cause is remanded for further proceedings according to law, consistent with this opinion.

By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur